Filed Feb. 28, 1890.

---

No. 15,358.

## MILLER v. THE STATE.

CRIMINAL LAW.—*Affidavit.*—*Omission of Notarial Seal.*—*Information.*—*Motion to Quash.*—Where the seal of the notary is not attached to the affidavit verified before him until after the verdict has been returned, a motion to quash the affidavit and the information based upon it should be sustained. The attaching of the seal after the motion in arrest of judgment is made, but before it is ruled upon, will not cure the error committed in overruling the motion to quash.

From the Carroll Circuit Court.

*W. C. Smith,* — *Julien, C. E. Lake* and *J. B. Milner,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

BERKSHIRE, J.—The defendant was prosecuted upon in-

formation for an assault and battery with intent to commit a felony.

He was convicted of a simple assault and battery, and from that judgment prosecutes this appeal.

Several errors are assigned, and, among others, that the court erred in overruling the motions to quash the information and in arrest of judgment.

The paper purporting to be the affidavit upon which the information depended, if verified at all, was, as the jurat attached thereto indicates, verified before a notary public.

At the time the motion to quash was presented and overruled, and thereafter until the jury had returned their verdict and the appellant had made his motion to arrest the judgment, the notary had not attached his seal.

After the motion in arrest had been presented, but before the court had ruled upon it, the appellee interposed a motion that the notary public be allowed to attach his seal, which last motion the court sustained, and the notary having attached his seal the motion in arrest was overruled.

The two errors may be considered together, as they involve but one question—the effect to be given to the affidavit, and information resting upon it, in consequence of the failure of the notary to attach his seal until the verdict had been returned.

We have the following statute (section 5963, R. S. 1881): "No notary shall be authorized to act until he shall have procured such a seal as will stamp upon paper a distinct impression in words or letters sufficiently indicating official character, to which may be added such other device as he may choose. All notarial acts not attested by such seal shall be void." *Hinckley* v. *O'Farrel*, 4 Blackf. 185; *Dumont* v. *McCracken*, 6 Blackf. 355.

Two propositions are involved in the said statute:

*First.* The notary has no authority to perform any official act until he has procured a seal.

*Second.* His official acts are void unless attested by his seal.

As we have seen, the seal of the notary was not attached to the affidavit until after the motion in arrest of judgment had been made.

If the notary had not procured a seal he had no authority to administer the .oath to the prosecuting witness in verification of the truth of the affidavit, and the court was without jurisdiction to try and convict the appellant.

If any presumption is to be indulged because of the absence of the seal, it must be that the notary had not at that time procured a seal; most assuredly we can not presume that he had procured a seal, and it was necessary that that fact appear to clothe the court with jurisdiction.

Upon the first proposition we must hold that the affidavit was bad, and that the court erred in not quashing it. But if we could indulge in the presumption that the notary had procured a seal at the time he attached his jurat to the affidavit, and that the attaching of the seal, had it been done before the court overruled the motion to quash, would have related back to the time at which the oath is claimed to have been administered, this was not done.

When the motion to quash was made the affidavit was bad, and the infirmity appearing on its face a motion to quash was the proper motion, and should have been sustained. *Swiney* v. *State,* 119 Ind. 478 ; *Cantwell* v. *State,* 27 Ind. 505.

The court having committed an error in overruling the motion to quash because of the second proposition stated, the attaching of the seal thereafter did not cure the error committed in overruling the motion. *Hoover* v. *State,* 110 Ind. 349. The views here expressed are not in conflict with *Muncie National Bank* v. *Brown,* 112 Ind. 474.

Judgment reversed, with directions to the court below to sustain the motion to quash the affidavit and information.

Filed Feb. 28, 1890.