## TOWN OF KNOX *v.* GOLDING ET AL.

[No. 6,772. Filed May 20, 1910. Mandate modified, and rehearing denied November 17, 1910. Transfer denied December 16, 1910.]

1. ACTION.—*Process.—Change of Venue.—Quashing Service.—Alias Summons.—Jurisdiction.*—Where an action was brought against a town and summons was issued and served, and a change of venue taken from the county, and the summons subsequently quashed and its service set aside, the court may properly issue an alias summons from such latter county and the court will, on proper service thereof, obtain jurisdiction, the action having been brought in the proper county. p. 638.

2. PROCESS.—*Oral Direction for.—Failure to Endorse on Complaint. —Continuance.—Appeal.*—Where the record does not disclose any order of court, or endorsement on the complaint, for the issuance of an alias summons, the presumption is that the plaintiff orally directed the issuance thereof; and if it commanded an appearance at a time not authorized by law, it would be a valid service for the next term, the defect being ground for a continuance only. p. 639.

3. PROCESS.—*Defective.—Waiver.—Appearing to Amended Complaint.—Asking Change of Venue.—Appeal.*—Appellant waives any defect in the service of a summons issued from the court to which a case had been taken on a change of venue, by asking for a change from such county, and by entering a full appearance to an amended complaint filed in the county to which the case was sent on appellant's motion, such defect not going to the merits of the controversy, and therefore not constituting reversible error. p. 639.

4. PLEADING.—*Insufficient Plea in Abatement.—Defective Demurrer.* —It is not erroneous to sustain a defective demurrer to an insufficient plea in abatement. p. 640.

5. APPEAL.—*Presenting Questions.—Changes of Venue.—Independent Assignment of Rulings on.*—A ruling on a motion for a change of venue cannot be assigned independently on appeal, since it constitutes a ground for a new trial only. p. 640.

6. NEGLIGENCE.—*Towns.—Defective Sidewalks.—Notice of Injury.— Statutes.—Complaint.*—The act of 1907 (Acts 1907 p. 249, §8962 Burns 1908), requiring persons injured because of a defective sidewalk to notify the town thereof within a certain time, has no retroactive effect, and a complaint for damages for injuries prior thereto need not allege compliance therewith. p. 640.

7. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.—Liability.*— Towns are liable for negligence in the maintenance of their sidewalks. p. 641.

8. LIMITATION OF ACTIONS.—*Process.*—*Defective Answer.*—An answer showing that the summons, in an action against a town, directed the sheriff to summon the marshal of the defendant town, that the town should have been summoned, and that two years had elapsed since the happening of the injury complained of, is bad, the statute (§321 Burns 1908, §317 R. S. 1881) curing defective process, where it is sufficient to inform defendant of the action against him, of the name of the plaintiff, and of the time for appearance. p. 642.

9. PLEADING.—*Pleas to Jurisdiction.*—*Pleas in Bar.*—*Joining.*—A plea to the jurisdiction, joined with a plea in bar, may be stricken out on motion, or a demurrer thereto may be sustained, the plea to the jurisdiction being required to precede the plea in bar (§371 Burns 1908, §365 R. S. 1881). p. 643.

10. NEW TRIAL.—*Change of Judge.*—*Affidavit for.*—*Omission of Notarial Seal.*—A motion for change of judge, based upon an affidavit from which the notary public's seal was omitted, should be overruled, the attestation being void (§9534 Burns 1908, §5963 R. S. 1881). p. 643.

11. MUNICIPAL CORPORATIONS.—*Defective Sidewalks.*—*Instructions.* —An instruction, in an action against a town for damages because of injuries sustained on account of a certain defective sidewalk, that it was the duty of the town to keep all sidewalks within the town in a good and safe condition, is not prejudicial on the ground that the town was under no duty to keep private walks in order. p. 643.

12. TRIAL.—*Instructions.*—*Duplication.*—It is not erroneous to refuse to duplicate instructions. p. 644.

13. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 644.

14. NEW TRIAL.—*Improper Admission of Evidence.*—*Subsequent Withdrawal.*—*Appeal.*—Reversible error is not shown in the improper admission of evidence, where such evidence was subsequently withdrawn by proper instructions. p. 644.

15. APPEAL.—*Mandate.*—*Death.*—Where appellee died after submission of an appeal, a judgment of affirmance will be dated as of the time of submission. p. 644.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Cora Golding and another against the town of Knox. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Bradford D. L. Glazebrook, William A. Foster, George W. Beeman, Harley A. Logan* and *Henry R. Robbins,* for appellant.

*Talbot & Talbot, W. J. Reed, Martindale & Stephens* and *H. A. Steis,* for appellee.

MYERS, C. J.—Appellees, Cora Golding and her husband, brought this action against appellant for damages for a personal injury suffered by said Cora Golding on December 30, 1902, caused by a fall upon a defective sidewalk in the town of Knox, Indiana.

A complaint was filed in the Starke Circuit Court on September 30, 1904, which is not in the record. On October 28, 1904, a summons was issued by the clerk of that court to the sheriff of Starke county, commanding him to summon the town of Knox to appear on November 9, 1904, and answer the complaint of appellees. This summons was returned by the sheriff indorsed: ''Served as commanded, by reading to and within the hearing of the within-named defendant, town of Knox (George Brown, Frank Brown and ———— Booth),'' etc., October 29, 1904. On November 19, 1904, the Starke Circuit Court, upon motion of appellees, changed the venue of the cause to the Pulaski Circuit Court. In the latter court on November 22, 1904 appellant appeared specially, and moved to quash said summons and to set aside the service thereof, which motion the court sustained. On November 23, 1904 a summons was issued in said cause by the clerk of the Pulaski circuit court to the sheriff of Starke county, Indiana, commanding him to summon ''the marshal of the town of Knox'' to appear in the Pulaski Circuit Court on December 7, 1904, to answer the complaint of appellees. The return of the sheriff of Starke county upon this summons showed that it came to hand on November 25, 1904, and was served on November 26, 1904, upon ''George Robbins, marshal of the town of Knox.'' February 20, 1905, appellant appeared specially in the Pulaski Circuit Court, and moved to quash the summons and set aside the service thereof. Thereupon, on motion of appellees, the venue was changed from the judge, and a prac-

ticing attorney of said court was appointed, who qualified and
took his seat as special judge. September 15, 1905, before
said special judge, appellant entered a special appearance
and filed a substituted motion to set aside the service and
quash the summons issued by the clerk of the Pulaski cir-
cuit court. This motion was overruled, and thereupon ap-
pellant filed a plea in abatement, to which appellee de-
murred, and the court sustained the demurrer. Appellant
filed a motion for a change of judge, which motion the court
overruled, to which ruling appellant excepted, and then, as
stated in the record, appellant asked that the notary public,
before whom the affidavit for such change from the judge
was executed, be permitted to attach her seal to the affi-
davit, which request the court denied, and appellant re-
served an exception. Thereupon, as stated in the record,
appellant offered to file the affidavit of Frank L. Brown,
one of the members of the town board of the town of
Knox, in support of its application for a change from
said special judge, which affidavit was sworn to before ap-
pellant's attorney, and was based on the ground of bias and
prejudice of said judge against said town of Knox, and
stating that the regular jury for that term of court had
been discharged for the term; that said town of Knox was
not willing to have said cause tried before any other than
the regular panel, and that said judge was about to order
a special venire to be issued for a jury to try said cause.
Upon objection by appellees, permission to file the affidavit
was refused by the court, and the motion to file it was over-
ruled. On motion of appellant, the venue of said cause
was changed to the court below, wherein appellees filed an
amended complaint in two paragraphs. A demurrer for
want of facts was overruled to the first, and sustained to
the second paragraph. The second paragraph of the
amended complaint was then amended, to which a demurrer
for want of facts was overruled. Appellant answered in three
paragraphs: (1) A general denial; (2) that the cause of

action did not accrue within two years before the bringing of the action; (3) an argumentative answer of the two years' limitation. A demurrer to the third paragraph was sustained, and appellant filed a fourth paragraph, denying the jurisdiction of the Pulaski Circuit Court over the person of appellant, and asserting that the court below had not obtained such jurisdiction. A demurrer to this answer was sustained. Trial by a jury resulted in a verdict in favor of appellees, assessing the damages of appellee Cora Golding in the sum of $2,750. Pending a motion by appellant for a new trial, appellees, upon the court's direction, remitted the sum of $1,200, whereupon appellant's motion for a new trial was overruled.

Appellant's assignments of error will be examined in their order.

1. It is assigned that the court erred in overruling appellant's substituted motion to quash the summons issued by the clerk of the Pulaski circuit court, and to set aside the service thereof.

It is contended that, as appellant was a municipal corporation of Starke county, the action could not be commenced in Pulaski county, and therefore summons could not properly be issued by the clerk of the Pulaski circuit court. It is sufficient to say, that it appears from the record of this cause in the Pulaski Circuit Court that it was not brought in that court, but had been duly commenced by filing a complaint and issuing a summons thereon in the county of which appellant was a resident corporation; that it was pending in the Pulaski Circuit Court upon change of venue, notwithstanding the fact that that court had quashed the original summons and set aside the service thereof. It was, therefore, not improper to issue alias process for the appearance of defendant in the court in which the case was rightly pending. *Niagara Oil Co.* v. *Jackson* (    ), (Ind. App.), 91 N. E. 825.

It is further objected that it does not appear that the issuing of the summons by the clerk of the Pulaski circuit court was authorized. If, without any showing upon 2. the subject, it may be assumed on appeal that the clerk had no authority to issue the summons without an order of court, or indorsement upon the complaint, yet it was competent for appellees orally to direct the issuing of the summons, and if it commanded appearance at a time not authorized by law, it would, nevertheless, be a good summons for the next term, and there would be no ground for quashing it, but a reason for continuance only. *Axtell* v. *Workman* (1897), 17 Ind. App. 152; *Chicago, etc., R. Co.* v. *Harris* (1898), 19 Ind. App. 137.

In this connection it will be remembered that, by the affirmative act of appellant, the venue of this cause was changed to the court below, wherein an amended 3. complaint was filed, and the issues formed which were tried before a jury resulting in the judgment appealed from. The jurisdiction of the parties and of the subject-matter was unquestionably in the court rendering the judgment, for to the amended complaint the appellant, without any objection, entered a full appearance. It therefore became immaterial how many errors as to the jurisdiction over the parties were made in the case during its journey from the Starke Circuit Court to the court below. *Yater* v. *State, ex rel.* (1877), 58 Ind. 299. If upon any theory it could be said that the action of the Pulaski Circuit Court in overruling the motion to quash the summons was erroneous, yet, in the light of this record, it was certainly not harmful, nor did it affect the substantial rights of appellant, and was not reversible error. §407 Burns 1908, §398 R. S. 1881; *Ades* v. *Levi* (1884), 137 Ind. 506. No other objections are stated in appellant's brief under the first assignment.

The sustaining of appellees demurrer to appellant's plea

in abatement is challenged on the ground that the demurrer thereto was defective in form. The plea in abate-

4. ment filed in the Pulaski Circuit Court was based on the ground that appellant was a resident of Starke county, was a municipal corporation, and never had any office, agent or place of business in Pulaski county, and the suit did not grow out of, or have any connection with, any business or transaction in any office or agency of appellant in the latter county. What we have said regarding the first assignment sufficiently answers this one. In addition, we may add that the plea was insufficient, and, being insufficient, there could be no available error in sustaining a demurrer thereto, though it be defective in form, as claimed. *Hildebrand* v. *McCrum* (1885), 101 Ind. 61; *Firestone* v. *Werner* (1891), 1 Ind. App. 293; *Foster* v. *Dailey* (1892), 3 Ind. App. 530; *Wade* v. *Huber* (1894), 10 Ind. App. 417; *Board, etc.*, v. *Crone* (1905), 36 Ind. App. 283.

The third and fourth assignments relate to the overruling of appellant's motion for a change of venue from the

5. special judge, and in refusing to permit the notary public to attach her seal to the affidavit for such change.

As to the third assignment, which attacks two separate rulings, and to the fourth, it is sufficient to say that errors of the court in refusing a change of venue, or a change from the judge, are grounds for a new trial, and cannot be assigned independently in this court. *Scanlin* v. *Stewart* (1894), 138 Ind. 574; *Goodrich* v. *Stangland* (1900), 155 Ind. 279; *Shoemaker* v. *Smith* (1881), 74 Ind. 71.

The fifth and sixth assignments are directed to the action of the court in overruling the demurrers to the amended first and second paragraphs of the complaint. There

6. is no material difference between these paragraphs. Each states a sufficient cause for the recovery of damages for a personal injury to appellee Cora Golding, caused by the negligent failure of the municipal corporation to

Town of Knox *v.* Golding—46 Ind. App. 634.

keep its board sidewalk in repair, appellant having had notice of its unsafe, decayed and defective condition for three years, and long enough to put the place in repair.

In support of its objection to the complaint, appellant refers to the statute of March 9, 1907 (Acts 1907 p. 249, §8962 Burns 1908), which provides that no action in damages for injuries to person or property, resulting from any defect in the condition of any street, alley, highway or bridge, shall be maintained against any city or town of this State, unless written notice of specified matters shall, within sixty days after the injury, or if such defect consists of ice or snow, or both, within thirty days after the injury, be given to a specified officer of such city or town.

The injury in this case occurred December 30, 1902, and this action was commenced September 30, 1904. This statute could not be given a retroactive effect, impairing the preëxisting right of appellees under their pending suit. See *Niklaus* v. *Conkling* (1889), 118 Ind. 289; *Goodbub* v. *Estate of Hornung* (1891), 127 Ind. 181; *Barnett* v. *Vanmeter* (1893), 7 Ind. App. 45.

Counsel for appellant have contended at considerable length that a town cannot be required to respond in damages to a private person who, without his fault in 7. the lawful use of its streets or sidewalks, is personally injured through the negligent failure of the officers and agents of the municipality to keep the street or sidewalk in proper repair. This should be regarded as a settled matter in this State. The right to recover for such injury against the municipality having notice of such defect in time to remedy it, has uniformly been supported by the courts, and is recognized in the statute here cited by appellant. *Town of Kentland* v. *Hagan* (1897), 17 Ind. App. 1; *Town of Boswell* v. *Wakley* (1897), 149 Ind. 64; *City of LaFayette* v. *West* (1909), 43 Ind. App. 325.

The seventh assignment is that the court erred in sustaining the demurrer of appellees to the third paragraph of answer.

It is contended that this paragraph shows that the action was not commenced within two years after the occurrence of the injury. This paragraph, besides other matters, recited that the summons was issued by the clerk of the Pulaski circuit court, and directed to the sheriff of Starke county, commanding him to summon the marshal of the town of Knox, and that the return of the sheriff showed service upon George Robbins, marshal of the town of Knox. It is not questioned that the service was had upon the proper officer, under the statute, but it is contended that the summons was invalid, because the sheriff was not commanded to summon the town of Knox. The statute (§321 Burns 1908, §317 R. S. 1881) provides that "no summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court, the name of the plaintiff and the court, and the time when he is required to appear."

In a suit against a school township (*Cicero School Tp.* v. *Chicago Nat. Bank* [1891], 127 Ind. 79), to set aside a judgment by default, the summons commanded service on the trustee of the school township, and it was served upon the trustee. It was held that the summons was sufficient to inform the trustee that an action had been instituted against him in court, not personally, but in his representative capacity, and that plaintiff was asserting a claim against the township of which he was a trustee, the case being distinguished from the case of *Vogel* v. *Brown Tp.* (1887), 112 Ind. 299, 2 Am. St. 187, where the summons was issued against "Valentine Strange, trustee of Brown civil township, Martin county, Indiana."

By the eighth assignment it is insisted that the
9. court erred in sustaining appellees' demurrer to appellant's fourth paragraph of answer.

This paragraph was a plea to the jurisdiction of the court below, because appellant was a resident of Starke county, and the Pulaski Circuit Court did not, it was claimed, acquire judisdiction, etc. The paragraph in question was pleaded with other paragraphs in bar, which is forbidden by the statute (§371 Burns 1908, §365 R. S. 1881). The plea might have been struck out on motion, but the equivalent result might be and was obtained by sustaining the demurrer. *Alexander* v. *Collins* (1891), 2 Ind. App. 176; *Voluntary Relief Department* v. *Spencer* (1897), 17 Ind. App. 123; *Dwiggins* v. *Clark* (1884), 94 Ind. 49, 48 Am. Rep. 140.

The court overruled appellant's motion for a new trial, and this ruling is attacked by the ninth assignment of error, under which it is first claimed that the court
10. erred in refusing a change from the special judge upon the affidavit of George H. Brown. It is sufficient to point out that this affidavit was not duly verified. It purported to have been sworn to before a notary public, who failed to affix a notary seal thereto. By force of our statute, all notarial acts not attested by the notary's seal are void. §9534 Burns 1908, §5963 R. S. 1881. And see *Miller* v. *State* (1890), 122 Ind. 355. The second reason in support of this motion is based on the alleged error of the court in giving to the jury instruction one, asked for by appellees, instruction six, given by the court upon its own motion, and the action of the court in refusing to give instructions five and six, asked for by appellant.

Said instruction one may be subject to criticism, in that it made it the duty of the town authorities to keep all sidewalks within the corporate limits of the town in a
11. good and safe condition. In view of the evidence, and the instructions which the court gave to the jury.

we are not convinced that the jury understood the court to include sidewalks not within or along the public streets and grounds, and not under the supervision and control of the town authorities. As appellant's only objection to this instruction is that it covered all sidewalks within the corporate limits, whether under appellant's supervision or not, we decline to hold that it was erroneous. Said instruction six, given by the court, had reference to the measure of damages, and, in our opinion, did not convey to the jury the impression, as claimed by appellant, that there was evidence tending to prove permanent disability as a result of the alleged injury. Instructions refused were fully covered by other instructions given. It is not within our province to disturb the result reached by the jury for want of sufficient evidence, or upon the ground of excessive damages. The admission of certain testimony assigned as a cause for a new trial, and mentioned in appellant's brief, was afterwards withdrawn by the court from the jury, and sufficiently guarded against by formal instructions.

It has been sufficiently indicated that there was no error in overruling appellant's motion in arrest of judgment, made the basis of the tenth and last assignment presented.

Judgment affirmed.

## Mandate Modified.

Per Curiam.—Since this cause was decided by this court, it has been made to appear that before said decision, and after the submission of the cause in this court, appellee Cora Golding died. It is therefore ordered that the judgment be affirmed as of the date of the submission of the cause.