BROWN ET AL. *v.* NORTHERN INDIANA LAND COMPANY.

[No. 22,787.   Filed May 16, 1916.   Rehearing denied November 10, 1916.]

1.   LEVEES.—*Construction.*—*Petition.*—*Waiver of Verification.*— Under §8189 Burns 1908, Acts 1907 p. 405 *et seq.*, providing that all objections to the sufficiency of a petition for the construction of

Brown *v.* Northern Indiana Land Co.—185 Ind. 520.

a levee not made before reference thereof to the commissioners shall be deemed waived, a party to a proceeding to establish a levee may waive the verification of the petition required by the Act of 1907, Acts 1907 p. 40 *et seq.* (§8188 *et seq.* Burns 1908), as amended by the Acts of 1911 p. 668.   p. 523.

2.   LEVEES.—*Construction.—Petition.—Waiver of Verification by Intervener.*—Where appellee land company, after a petition for the construction of a levee had been referred to the commissioners, filed a petition to intervene, which was granted, so that it might remonstrate against the final report of the commissioners, the leave to intervene was given to enable the land company to defend the merits of its cause, and any right it might have had, under §8188 Burns 1908 *et seq.*, Acts 1907 p. 404, as amended Acts 1911 p. 668, to object to the sufficiency of the petition was waived.   p. 524.

3.   LEVEES.—*Construction.—Petition.—Verification.—Supplying Notary's Seal.—Statute.*—Under §8189 Burns 1908, Acts 1907 p. 404 (§8189 Burns 1914) providing that, if the court find the petition for the construction of a levee defective, the same may be amended and, if not so amended, may be dismissed at the cost of the petitioners, where a petitioner was sworn by a duly commissioned notary public, who had a seal but neglected to affix the same to the jurat on the petitioners' verification, and hundreds of parties appeared to the petition and waived the formal defect, great expense having been incurred in serving notices and in making the two reports of the commissioners, the timely motion of petitioners to correct the defective verification took precedence over intervener's motion to dismiss the petition.   p. 524.

From Lake Circuit Court; *Virgil S. Reiter*, Judge.

Proceedings on a petition for the construction of a levee by John Brown and others, in which the Northern Indiana Land Company intervened. From a judgment dismissing the petition, the petitioners appeal. *Reversed.*

*Otto J. Bruce, J. Will Belshaw* and *W. Vincent Youkey,* for appellants.

*A. Halleck* and *Van Feet, Hubbell & Dinnen, for* appellee.

MORRIS, C. J.—This is an appeal from a judgment dismissing a petition for the construction of a levee under the act approved March 9, 1907, as amended in 1911. Acts 1907 p. 404, §8188 *et seq.* Burns 1908; Acts 1911 p. 668, §8188 *et seq.* Burns

1914. The petition was filed September 10, 1912, and recited the names of hundreds of landowners, whose lands, it was alleged, would be affected by the proposed work. The court found the petition sufficient and referred it to commissioners for preliminary report, which was made, and subsequently the commissioners made a final report as provided by the act. At this stage of the proceedings, appellee Northern Indiana Land Company, not named in the petition or reports of commissioners, filed an intervening petition, alleging that it would be greatly damaged by the construction of the work if accomplished according to the plans adopted in the final report of the commissioners, and that it had not had any prior actual knowledge of the pendency of the petition, and praying that it be permitted to intervene for the purpose of remonstrating. The intervening petition, filed in April, 1913, was denied, but on appeal to this court the judgment was reversed with the instructions to permit the land company to intervene and remonstrate. *Northern Indiana Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706. Pursuant to such mandate the lower court admitted the land company as a party to the proceeding, and it immediately filed a motion to dismiss the petition because, as set out in the motion, no notarial seal had been affixed to the jurat of the notary public who swore one of the petitioners, Neil Brown, to the affidavit appended to the petition. The affidavit and jurat appended to the petition, were as follows:

"State of Indiana, County of Lake, ss:
Neil Brown, being first duly sworn according to law, upon his oath says that he is one of the petitioners in the above entitled petition, and that the matters and facts therein set forth are true in substance and in fact.

NEIL BROWN.

Subscribed and sworn to before me this 6th day of September, 1912.

J. W. Belshaw, *Notary Public.*
My commission expires May 11, 1916.''

There was no impression of the notary's seal on the paper containing the jurat. The statute (Acts 1911 p. 670, *supra*) required that "Such petition shall be verified by the affidavit of one or more of the petitioners." We have a statute (§9534 Burns 1914, §5963 R. S. 1881) which requires a notary public to procure a seal that will stamp on paper a distinct impression, and provides that notarial acts not attested by such seal "shall be void." Appellants resisted the motion to dismiss, and filed the affidavits of Neil Brown and the notary to the effect that Brown was duly sworn, as recited in the jurat, and that at the time Belshaw was a notary public, commissioned and acting, and had a seal, and the notary appeared in open court and requested permission to affix his seal to the jurat. It was stipulated of record that Belshaw was a notary public, and had a notarial seal on September 6, 1912, and thereupon petitioners moved that Belshaw be permitted to affix his seal to the jurat. This motion was overruled, and thereupon the court sustained the motion to dismiss the petition. From the judgment of dismissal this appeal is prosecuted.

Error is assigned here in overruling appellants' motions for leave to affix the seal, and in sustaining appellee's motion to dismiss the proceeding.

1. Section 2 of the act (§8189 Burns 1908, *supra*) provides for objections to the sufficiency of the petition, before reference to commissioners, and authorizes amendments to cure defects, and further provides that, "All objections to the petition * * * not made before the reference * * * shall be deemed waived."

It is manifest that a party to a proceeding of this character may waive the verification of the petition. 40 Cyc 254.   That the appellee land company waived its right, if it ever existed, to object to the sufficiency of the petition, is shown by a consideration of its intervening petition on the former appeal, where it sought admittance as a party to enable it to remonstrate against the final report of the commissioners.   Whether, after the final report of commissioners, leave to intervene and assail the petition for formal defects would be properly granted is a question we do not consider, for the leave to intervene here was to enable the land company to defend on the merits of its cause by remonstrating against the commissioner's report.   But if the land company had been in position to assail the petition for insufficiency it by no means follows that a dismissal would have been justified where the petitioners, as here, made timely motion to make amendment. The language of the statute (§8189 Burns 1908, *supra*) is that, "If the court find the petition defective, the same may be amended, and if not so amended, may be dismissed at the cost of the petitioners."   The act, like the drainage statute, provides for a liberal construction of its provisions in promoting the protection of lands from overflow. The reason for a liberal policy in amending the petition, thereby saving the expense of dismissal by the elimination of technical defects in such petition, applies with greater force, regardless of the statute, after the reports of the commissioners have been filed than before.   However, appellee land company, relying on *Miller* v. *State* (1890), 122 Ind. 355, 24 N. E. 156, and *Town of Knox* v. *Golding* (1910), 46 Ind. App. 634, 91 N. E. 857, 92 N. E. 986, contends that the absence of the

imprint of the notarial seal justifies the action of the lower court. *Miller* v. *State, supra,* involved a prosecution for crime, by affidavit and information, under §1679 R. S. 1881, §1748 Burns 1894. The statute made no provision for amendment of the affidavit. The present statute for prosecutions by affidavit authorizes amendments before pleas. §2043 Burns 1914, Acts 1905 p. 622. In the Miller case, *supra,* the defendant filed a motion to quash the affidavit and information. The notary seal was lacking. The motion to quash was overruled. After verdict and judgment the notary was permitted to affix his seal. It was held error to overrule the motion to quash. It is not certain, from the opinion, that there might not have been a different result had the defect been remedied before the ruling on the motion to quash. In *Town of Knox* v. *Golding, supra,* the court considered a motion for a new trial where the seal was not affixed. Of this opinion it is sufficient to say that it reveals no offer by the party moving for a new trial to remedy the defect. *Williams* v. *Stevenson* (1885), 103 Ind. 243, 247, 2 N. E. 728, involved a drainage proceeding under the act of 1881. §4273 R. S. 1881 *et seq.* The petitioner was sworn to his affidavit before the clerk but the latter omitted entirely any jurat. After the report of the drainage commissioners was filed there was a motion to dismiss followed by one from the petitioners to permit the clerk to attach his jurat *nunc pro tunc.* The court heard oral evidence to show that affiant was actually sworn to the affidavit when the petition was filed. The trial court then sustained petitioners' motion and overruled the motion to dismiss, and such action was approved by this court.

In the instant case there is no fact in dispute. The petitioner was duly sworn by a notary public,

who then had a seal. Hundreds of parties subsequently appeared to the petition and waived the formal defect. A vast amount of expense was incurred in serving notices and making the two reports of the commissioners. The petitioners made a timely motion to correct the error, and this took precedence over the motion to dismiss. *Sims* v. *Dame* (1888), 113 Ind. 127, 15 N. E. 217. Reason and authority alike militate against appellee's contention. Proceedings of this kind demand the application of equitable principles. *Vandalia R. Co.* v. *Mizer* (1915), 184 Ind. 680, 112 N. E. 522. Substance should not be disregarded for shadow, and the fair administration of justice would suffer reproach in sanctioning the expense and delay of a dismissal under the undisputed facts presented by this record. See *Plew* v. *Jones* (1905), 165 Ind. 21, 74 N. E. 618. The trial court erred in refusing appellants' motion to correct the defect, and in dismissing the petition. The judgment is reversed with instructions to permit the notary to affix his seal, and to overrule the motion to dismiss.

NOTE.—Reported in 112 N. E. 525.