THE STATE, USE, ETC. *v.* S. A. STORY, ADMINISTRATRIX, ET AL.

ACCORD AND SATISFACTION. *Joint creditors.    Settlement with one.*
Accord and satisfaction with the nominal plaintiff in a disputed judgment, who is one of the usees therein, bars an action for the amount of the judgment by the other usees.

ERROR to the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

This action on the bond of the administratrix of Robert Story, for the use of Eliza Furdick's heirs by her first marriage, was to recover the amount of a judgment against the administratrix in favor of Eliza Furdick and her present husband, for the use of herself and those heirs. The defendants pleaded accord and satisfaction. The judgment sued on, which was based upon Robert Story's note, payable to Eliza Furdick, for the use of herself and the heirs, had been disputed and compromised by the payment to her of a sum less than the judgment, which she agreed to and accepted in full settlement.

*Falkner & Frederick,* for the plaintiff in error.

A person who brings a suit for another's use cannot discharge the debt by agreement with the defendant. *Emmons* v. *Myers,* 7 How. 375; 2 Parsons on Contracts, § 617. The nominal party has no control over the suit. *Eckford* v. *Hogan,* 44 Miss. 398. Payment of a sum less than the demand to a joint plaintiff is no discharge against the others. *Clark* v. *Dinsmore,* 5 N. H. 136; 2 Parsons on Contracts, §§ 614, 684; 2 Story on Contracts, § 982. Part payment is not a discharge without a new consideration. 2 Parsons on Contracts, § 618.

*B. F. Worsham* and *Charles Carter,* for the defendants in error.

Eliza Furdick was not only the payee in the note on which the judgment was founded, but the proceeds belonged to her and the heirs. She had the right to compromise, and, as the matter was disputed, the consideration was sufficient, and the settlement binds all the parties. *Long* v. *Shackleford,* 25 Miss. 559; *Field* v. *Weir,* 28 Miss. 56.

CAMPBELL, J., delivered the opinion of the court.

This case presents the question whether the settlement of a disputed claim, by payment of a sum less than the demand to one of the joint creditors, is a bar to an action on such claim, and we agree with the learned judge of the Circuit Court in holding the affirmative of this question.

A compromise of a disputed matter binds both parties. *Long* v. *Shackleford*, 25 Miss. 559. A payment to one of several joint creditors, or an accord and satisfaction with one of the plaintiffs, is good, without showing that the plaintiff who made the settlement had authority from the others to make it. *Wallace* v. *Kelsall*, 7 M. & W. 264; *Husband* v. *Davis*, 10 C. B. 645; *Morrow* v. *Starke*, 4 J. J. Marsh. 367; *Wright* v. *Ware*, 58 Ga. 150; *Weston* v. *Weston*, 35 Maine, 360; 2 Chitty on Contracts, 1132. Mrs. Furdick, with whom it appears that the settlement of the judgment was made, was not merely a nominal plaintiff, but was one of the usees, being one of the payees of the note sued on, and the settlement made with her of the judgment extinguished it as a cause of action.

*Judgment affirmed.*