Filed Feb. 23, 1887.

---

No. 12,761.

## McLain *v.* Draper.

ATTACHMENT.—*Dismissal.*—*Rights of Third Persons.*—The parties to an attachment proceeding can not dismiss the cause during term, so as to affect the rights of third persons, without an order of court.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin*, for appellant.

*S. B. Eward*, *W. A. Moore* and *J. O. Marshall*, for appellee.

ELLIOTT, J.—On the 5th day of September, 1884, Marion Meredith instituted proceedings in attachment against George B. Draper, and on the 18th day of November, of that year, the cause was called, and a rule to answer was taken by Meredith. On the forenoon of that day, the attorney of Draper delivered to Meredith's attorney a check for the amount of his claim, which was accepted as payment..

At the time the check was delivered, the deputy clerk was informed that the cause was dismissed, and this announcement was made " in the court-room, but was not addressed to the court nor heard by the judge, and no order or direction of dismissal was made by the court." An entry of dismissal was, however, made by the clerk on the docket. This entry was made without the order of the court, and was afterwards erased by its order. Before noon of the same day, Martha McLain, the appellant, filed her complaint, affidavit and bond in attachment with the clerk, and called the attention of the court to their filing. The court caused the case to be noted on the docket as filed under the original action instituted by Meredith. Neither the appellant nor her attorneys knew of the attempted dismissal of that action, nor did the court have any knowledge of it. Two or three minutes after the appellant filed her papers under the original action, and after the filing had been noted on the docket, Draper's attorney was notified of these facts, and he thereupon notified the court of the " agreement of dismissal." On the afternoon of the same day, the docket was again called, and upon this call the attorney of Meredith announced to the court the dismissal of the original action, and an entry of dismissal was then made by the court. These facts are exhibited in a special finding made by the court on the request of the parties, and upon them the court stated the following conclusion of law: " The original suit of Meredith against Draper had been dismissed by the plaintiff before the institution of the attachment proceedings of said McLain." We think that the court erred.

It has been held by courts of high authority, that a dismissal is not effective until it has been passed upon by the court. *Carleton* v. *Darcy*, 75 N. Y. 375; *Averill* v. *Patterson*, 10 N. Y. 500; *Bishop* v. *Bishop*, 7 Rob. (N. Y.) 194; 2 Wait Pr. 603.

While the question seems not to have been expressly decided by this court, yet the language used in some of the

decisions clearly implies that a dismissal in term time is not effective until ordered or approved by the court. *Breese* v. *Allen,* 12 Ind. 426; *Wiseman* v. *Lynn,* 39 Ind. 250; *Livergood* v. *Rhoades,* 20 Ind. 411.

It is true that it was held in *St. John* v. *Hardwick,* 17 Ind. 180, that a written agreement of dismissal filed with the clerk in vacation is effective without any order of the court, but that case rests solely upon a statutory provision which is not at all applicable to a dismissal made during term time. We need not, however, go as far as the cases first cited by us do, for it is sufficient for us to declare that where the parties know, as matter of law, that third persons may acquire rights under a pending action, it can not be dismissed during term, so as to affect the rights of those parties, without an order of court. *Ryan* v. *Burkam,* 42 Ind. 507. If the third person had notice of the agreement to dismiss, it is possible that the order of the court subsequently entered confirming the dismissal would bind him, but that is not the case here, for the third person had no notice of the agreement to dismiss. To permit a plaintiff in the original action to dismiss during term time, "of," as FOLGER, J., says, in *Carleton* v. *Darcy, supra,* "his own head," would make the way easy to grave abuses and great injustice in cases where the rights of third persons may be affected.

Judgment reversed, with instructions to re-state the conclusion of law and enter judgment thereon for the appellant on the issue joined.

Filed Oct. 28, 1886; petition for a rehearing overruled Feb. 18, 1887.