No. 13,556.

## THE CHICAGO AND EASTERN ILLINOIS RAILROAD COM-. PANY v. KATZENBACH.

RAILROAD.—*Common Carrier.*—*Negligence.*—*Contract.*—*Consideration.*—The injury of property *in transitu* through the negligence of the carrier, is a sufficient consideration for an agreement on the part of the latter to pay the owner of the property a certain sum in settlement of damages.

SAME.—*Adjustment of Damages.*—*Right to Keep Injured Property.*—A railroad company has the right, in adjusting damages for injury to property caused by its negligence, to contract to keep the injured property and pay the owner its value.

SAME.—*Bill of Lading.*—*Limitation of Liability.*—*Waiver.*—A stipulation in a bill of lading limiting the liability of the carrier to a certain sum, is waived where the latter, in adjusting the damages resulting from its negligence, agrees to take the injured property and pay the shipper a larger sum than that limited.

From the Vigo Circuit Court.

*W. Armstrong, L. D. Thomas* and *W. H. Lyford,* for appellant.

*C. F. McNutt, S. C. Davis* and *S. B. Davis,* for appellee.

OLDS, J.—This is an action for the value of a mare, owned by the appellee and shipped by one C. L. Campbell over the appellant's railroad from the city of Terre Haute, Indiana, to the city of Chicago, Illinois, and injured and rendered worthless while in transit by a wreck on the railroad.

The complaint is in four paragraphs. The first alleges that in May, 1881, Campbell delivered to appellant one carload of horses, consisting of seven head of horses, and received from appellant a stock contract, by which contract appellant agreed to deliver said car-load of horses to said Campbell at Chicago, Illinois, for $20, said Campbell being consignor and consignee. That one of said horses—a mare—belonged to the plaintiff, that Campbell acted as agent of the plaintiff in

the shipment; that said mare was of the value of $1,000; that appellant failed to deliver said mare, but crippled her in transit, making her wholly worthless, whereby plaintiff sustained damage to the amount of $1,000, and Campbell is made a party defendant to answer as to his interest.

The second paragraph alleges that Campbell, as plaintiff's agent, shipped, in his own name, plaintiff's mare from Terre Haute to Chicago, over the appellant's railroad; that appellant made a written agreement with Campbell, in consideration of $20, to deliver said mare and six other horses to said Campbell, at Chicago; that said contract is lost; that said mare was injured and rendered wholly worthless while in transit, and was never delivered to said Campbell, or any one else; that said mare was of the value of $1,000; that on learning of said injuries, the plaintiff and Campbell at once notified said appellant that said mare was the property of the plaintiff, and plaintiff demanded that said appellant pay said damages, whereupon said appellant agreed to and did settle with said plaintiff for the mare, said Campbell releasing said appellant from all claims in so far as he was concerned; and then and there, in June, 1881, said appellant agreed with said plaintiff to keep said mare as its own, and pay plaintiff, in settlement therefor, $500, which contract was accepted by said plaintiff; and in pursuance therewith said plaintiff released all claims for damages and of title to said mare; that said appellant has kept said mare, but wholly failed to pay to plaintiff said sum so agreed upon, or any part thereof, though often requested so to do.

The third is a common count for one mare sold and delivered in June, 1881.

The fourth paragraph of complaint alleges, that on May 18th, 1881, Campbell, as plaintiff's agent, shipped in his own name over appellant's road one certain mare belonging to plaintiff, and appellant accepted said mare, together with other horses belonging to Campbell, and gave to Campbell a written agreement (or bill of lading), wherein said appel-

lant agreed, for a valuable consideration, to transport said mare (and other horses) without injury to the city of Chicago ; that said agreement is lost ; that said car was wrecked, and said mare ruined in transit, so as to be worthless; that said mare was a blooded mare, and very valuable, and worth $1,000; that said injuries were caused by said appellant running the train and car, in which said mare was being carried, in a careless and negligent manner, and by use of defective cars and rolling-stock and machinery, and the negligent employment of improper servants ; and that said injuries were caused without any fault on the part of plaintiff, whereby plaintiff was damaged in the sum of $1,000.

Appellant filed separate demurrers to each paragraph of complaint, which were overruled and exceptions reserved by appellant. Appellant then answered in five paragraphs:

The first is a general denial. The second, payment. The third avers that after the making of said contract, and after committing said supposed grievances, and before the bringing of this action, appellant delivered to appellee, and appellee accepted from said appellant, the railroad company, the sum of $1,250 in full satisfaction of all damages, liabilities and debts mentioned in said complaint. The fourth answers the second and third paragraphs of complaint, and alleges that the promises and agreements set up in said paragraphs were without any consideration. The fifth answers the first, second and fourth paragraphs of complaint and admits the injury to the mare, together with other horses belonging to Campbell, but avers that said mare was fraudulently and surreptitiously put into appellant's car and train by plaintiff, or his agent, or Campbell, without the knowledge or consent of appellant, without any bill of lading or stock contract, for the fraudulent purpose of having said mare transported free, and said mare was transported without any consideration, and was injured through the fault of the plaintiff in thus fraudulently putting said mare in said car. Appellee replied to the answers by general denial. Trial by jury. Verdict and

judgment for appellee for $630. Motion for a new trial by appellant. Motion overruled, and exceptions by appellant.

It is contended that the evidence does not support the verdict; that the evidence does not show that Robert Forsyth made a contract on the part of appellant to pay $500 for the mare, and that if he did make such a contract, he had no authority to make it, and it would not be binding upon the appellant company, and that it was without any consideration.

It is sufficient to say there is evidence tending to prove, and from which the jury may have found, that Col. Robert Forsyth was the appellant's general freight agent, and that, immediately after the wreck, Col. Forsyth came to the place where the wreck occurred, by the authority of and acting for the appellant, for the purpose of looking after the injured property and adjusting claims for damages; that the appellant's agents knew the number of horses that were shipped in the car; that Col. Forsyth took charge of the injured horses, ordered them cared for and treated, adjusted the claim for damages to the other horses, and agreed upon the terms of settlement for this mare of the appellee; that he agreed, on the part of appellant, to take the mare and to pay the appellee $500 in settlement of appellee's claim; that the injury occurred by reason of defects in the cars, and negligence on the part of the appellant in using and running defective cars; and that Col. Forsyth acted within his authority in adjusting and agreeing upon the terms of settlement with appellee.

The theory that there was no consideration for the agreement certainly is not tenable. The evidence tended to prove the mare to be a very valuable animal, and that she was injured by the negligence of the appellant, which would make the appellant liable for the damages occurring by reason of appellant's negligence. That of itself would be a sufficient consideration, but in addition to that, appellee gave up his

right and ownership to the mare to appellant, and appellant accepted and became the owner of her. The contract was one within the power of the company to make. A railroad company has the right, in adjusting injury to property caused by its negligence, to contract to keep the injured property and pay the owner its value in settlement of the damages.

It is contended that, by the terms of the bill of lading, the damages recoverable by the appellee were limited to $150. If the contract did so limit the damages to be recovered in case of injury, that stipulation in the contract was one which might be waived by the parties to it, and would be waived by a settlement of the damages resulting by the negligence of the appellant company by the company agreeing to take, and taking, the injured mare and agreeing to pay a larger sum.

It is contended that the court erred in the admission of evidence of the value of the mare at Terre Haute at the time she was placed on board the cars.

The bill of lading in evidence contains an express provision that in case of injury the value of the stock at the place and date of shipment shall govern the settlement. And, taking into consideration the quality of the animal, her value for speed and breeding, and the accessibility to that market, the evidence might be proper in showing the value of the mare at the time and place of the injury, and, for aught that appears in the record, such evidence was admissible under the issues in the case.

The next error assigned is upon the giving and refusing of instructions. We do not deem it proper to extend this opinion by setting out the instructions given and refused which are complained of. We have carefully examined the instructions, and the objections urged to each. We do not think there was any error in the giving or refusing of the instructions, for which the case ought to be reversed.

These are the only questions discussed by counsel, and

there is no error in the record for which the judgment ought to be reversed.

Judgment affirmed, with costs.

Filed March 29, 1889.