## Hans A. Leafgreen et al., Appellants, v. John H. Telford et al., Appellees.

## Gen. No. 16,490.

ACCORD AND SATISFACTION—*when settlement made with joint creditor
binding.*   If an honest dispute exists a settlement made by the debtor
with one partner is binding upon all partners regardless of lack of
knowledge and of participation in the settlement by the other partner
or partners.

Appeal from the Municipal Court of Chicago; the HON. EDWARD A.
DICKER, Judge, presiding.   Heard in the Branch Appellate Court at the
March term, 1910.   Affirmed.   Opinion filed April 19, 1912.

**Statement by the Court.**   Appellees, as Telford and
McWade, were the builders who constructed the Pat-
tington, a large apartment building in Chicago, as gen-
eral contractors.   Appellants under the firm name of
Leafgreen Brothers entered into a subcontract with
appellees to do the masonwork of the building for $49,-
250.   Various changes were made in the plans after
the contract was made, on account of which appellants
contended that they were entitled to receive extra pay.
Appellees on the other hand contended that large
amounts should be deducted from the sum otherwise

due under the contract by reason of these changes. It was also contended that there had been great delay, and that a large sum was due under a clause of the contract which provided for the payment of $50 a day for every day that the work was delayed or remained unfinished after a specified time.

About $47,000 was paid on the contract; and a controversy having arisen between the parties, appellants sought to enforce a mechanic's lien for the amount which they claimed to be due, in the Circuit Court of Cook county. That proceeding resulted adversely to them, and the matters in controversy as between appellants and appellees were submitted to an arbitrator under a written agreement for arbitration. It recited the amounts that were agreed upon, and provided that the remaining matters in controversy should be submitted to the award, order and final determination of George Beaumont, architect, of the City of Chicago, and that he should determine what sums, if any, were due from appellees to appellants for a number of items of extras, naming them. The agreement then further provided that the arbitrator should determine what amount, if any, should be deducted from the amounts otherwise due the appellants because of the following deductions which the parties of the second part, appellees, claimed should be made therefrom, because of material omitted in the change of plans for the work improperly done or not done that should have been done by appellants, naming a list of items. The agreement then provided that the arbitrator should determine what amount, if any, should be deducted from the amounts otherwise due appellants because of the changes in plans for the building of the boiler house, so-called, constructed in connection with the main building, and that the arbitrator should determine what sum, if any, should be allowed or paid to appellees by appellants because of their delay in completing the

work within the time specified in the original contractor's agreement, whereby $50 a day for every day such work might be delayed or remain unfinished was to be charged against appellants. In and by the agreement it was further provided that the arbitrator should determine which of the parties should bear the expense of $22 for the inspection of the work done under the contract between them, dated September 15, 1902, in pursuance of which appellees did the electric light and motor wiring in the Journal Building for the American Medical Association. And it was further agreed that the arbitration was made pursuant to Section 16, Chapter 10 of the Revised Statutes of the State of Illinois, and that the arbitrator should have all the powers vested in such arbitrator by the statute, and he should make his award in writing, and that if either of the parties should not pay to the other party the sum so found by the arbitrator within sixty days from the date of his award, then that judgment might be entered in favor of the party to whom the same should be paid, in the Superior Court of Cook county, as provided by the statute.

The arbitrator, George Beaumont, made his written report or award in which he stated that Leafgreen Brothers were indebted to Telford and McWade in the sum of $361, "being the balance in full of all claims." Appellants then contended that although the award stated that there was $361 due to appellees as the balance in full of all claims that this sum was not the balance of all claims but was the balance merely of the particular claims that were disputed, and that there was still due to appellants the difference between the amounts not in dispute of about $4,000 and the sum so found due by the arbitrator. Appellees, on the other hand, contended that there was $361 due them on the award, as stated therein.

About eighteen months after the award was rendered, appellants as Leafgreen Brothers brought suit

against appellees to recover the amount they claimed due from appellees. The latter relied upon the award as a defense, and pleaded as a set-off the award for the amount of which they asked judgment against appellants. In October, 1906, when the suit was still pending, appellees, who had dissolved their partnership and set aside a portion of their partnership funds to discharge their outstanding debts, arranged a settlement of the suit with Benjamin A. Leafgreen, one of the firm of Leafgreen Brothers, and one of the plaintiffs in the then pending suit, and paid to him the sum of $1750 and took a receipt signed in the names of both partners and in the partnership name, reciting that the sum received was in full settlement of all claims or demands of every nature. At the same time a stipulation was entered into which recited that the matters involved in the above entitled cause had been settled, and that the suit be dismissed without costs. This stipulation was signed by all the attorneys for the plaintiffs in the case, Harry L. Irwin and Lee, Lee & Schuchardt. At that time Lee, Lee & Schuchardt, now Lee & Lee, the attorneys for appellants in this case, particularly represented Benjamin A. Leafgreen, the partner with whom the settlement was made, and who received the money; and H. L. Irwin, who also signed the stipulation, reciting that a settlement had been effected, then specially represented Hans A. Leafgreen, who is now the particular client of Messrs. Lee & Lee. The other appellant, Benjamin A. Leafgreen, though named as a plaintiff in the present suit, testified in this case that he did not bring this suit nor have anything to do with its being brought.

The trial of the cause before the Municipal Court resulted in a finding for the defendants below, appellees here, and a judgment upon the finding.

LEE & LEE, for appellants.

ARNOTT STUBBLEFIELD and CHAUNCEY W. MARTYN, for appellees.

MR. JUSTICE F. A. SMITH delivered the opinion of the court. ·

The principal ground upon which appellants ask a reversal of the judgment is based upon the rule of law that the payment of a part of a debt or liquidated damages is not a satisfaction of the whole demand. The application of the rule to the case at bar is made by the assertion that at the time the payment of $1,750 was made the claim amounted to $3,646.03. This amount was arrived at by taking the sum that was agreed upon in the contract of arbitration as due from appellees to appellants, $4,007.03, and subtracting therefrom the sum of $361 found by the arbitrator to be due from appellants to appellees. It is urged that $3,646.03, with the interest accrued thereon, was a liquidated amount and that the payment of $1,750 by appellees was not an accord and satisfaction of the indebtedness but that appellees are only entitled to have that credited upon the liquidated amount due with interest, notwithstanding the settlement that was made and the receipt given which provided that the said $1,750 was "in full of all claims and demands of every kind and nature down to the date hereof."

It is further urged that a release of a liquidated indebtedness, executed by one of the partners after the dissolution of a partnership, of the whole of the indebtedness upon a payment of a part, is not a valid release, and that therefore appellees are only entitled to a credit of $1,750 upon the liquidated indebtedness.

On the other hand the contention of counsel for appellees is that there was an honest controversy between the parties at the time the settlement was made, and that a settlement of matters in dispute for a less sum than that which may be in fact actually due as a matter of law, and the payment and acceptance of the

amount agreed upon in such settlement is a good accord and satisfaction. It is further contended that an accord and satisfaction with one of several joint creditors works a complete extinction of the claim, and is a good accord and satisfaction without showing that the one who made the settlement had authority from the other to make it.

In our opinion there was a controversy between the parties, appellants and appellees, which was involved in a lawsuit, and there is no question but that while the lawsuit was pending appellees paid the $1,750 to one of the co-partners, plaintiffs in the action, and took from the co-partner with whom the settlement was made a receipt dated October 4, 1906, as follows: "Received of Messrs. Telford & McWade through Edwy Logan Reeves and Chauncey W. Martyn, trustee, $1,-750.00, in full settlement of all claims and demands of every nature down to date." At the same time appellees took a stipulation from the plaintiffs in the action showing that the matters involved in the cause had been settled, and that the suit should be dismissed without costs.

In 2nd Parsons on Contracts, page 618, the learned author says:

"It has been said the payment of a part of a debt, or of liquidated damages is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand; and a plea of payment of a small sum in satisfaction of a larger is bad, even after verdict, but this rule must be so far qualified as not to include the common case of a payment of a debt by a fair and well understood compromise carried faithfully into effect, even though there were no release under seal."

In 1st Cyc. 329, it is said: "Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction, as the rule that the receiving

of a part of the debt under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply while the plaintiff's claim is disputed or unliquidated. * * *.    The fact * * * that the amount accepted was much less than the creditor was entitled to receive and would have recovered, had he brought action, does not in any way affect the rule.''

The rule as to the parties between whom a good accord and satisfaction may be made with respect to joint creditors or plaintiffs, as stated in 1st Cyc. 318 is: ''Accord and satisfaction with one of several plaintiffs or joint creditors is a complete extinction of the claim and is a good accord and satisfaction without showing that the one who made the settlement had authority from the others to do so.''

This doctrine is supported by State v. Story, 57 Miss. 738, and cases there cited.

In Austin v. Hall, 13 Johns. 286, in an action in trespass by tenants in common for being expelled from their land where there was a plea interposed to the effect that two of the plaintiffs in consideration of the sum of six cents had released all cause of action that they, or either of them, or any other person or persons had against the defendants on account of such trespass, it was held that the action is strictly a personal one and the plaintiffs were bound to join in it, and the release by two of the plaintiffs is a bar to the action and the defendant is entitled to judgment.

Weston v. Weston, 35 Maine, 360, was a suit upon a promissory note which had become the property of two administrators by their charging themselves with it in their account as administrators.   One of the administrators thereafter executed an instrument acknowledging payment and discharge by her intestate.   It was held in a subsequent action on the note that by being so charged in the administrators' account the note be-

came the property of both administrators, and either of them could receive payment of it or discharge it.

The same rule is announced in 2 Chitty on Contracts, 1132.

In our opinion the discharge on settlement made at the time of the payment of $1,750 by appellees was valid and binding upon both appellants, and the court did not err in its finding and judgment for appellees. The judgment is therefore affirmed.

*Affirmed.*