# FENDER, ADMINISTRATOR, v. PHILLIPS, ADMINISTRATOR.

[No. 9,095. Filed May 25, 1915.]

1. PLEADING.—*Demurrer to Answer in Abatement.—Form.*—A demurrer to an answer or plea in abatement that it does not "state facts sufficient to constitute a cause of defense", is bad in form. p. 91.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer to Answer in Abatement.*—The sustaining of a defective demurrer to an answer in abatement of a proceeding addressed to the probate jurisdiction of the court to procure the confirming of a contract of settlement, was harmless, where the answer in abatement failed to disclose any infirmity that was ground for abating the proceeding. p. 91.

3. EXECUTORS AND ADMINISTRATORS.—*Settlement of Claims.—Contract Between Administrator and Guardian.—Consideration.*— Where the petition to the court, asking the confirmation of a con-. tract of settlement entered into between an administrator with the will annexed and the guardian of decedent's husband, disclosed that the guardian was insisting that under a certain item of the will the decedent's estate was required to pay all accrued expenses for the maintenance of his ward, that there was some question as to the right of election on behalf of the ward to take under the law instead of under the will, and that there was controversy as to the relative rights of the estates represented by the administrator and the guardian, respectively, all of which matters were compromised in such contract, a sufficient consideration for entering into the contract was shown. p. 91.

4. EXECUTORS AND ADMINISTRATORS.—*Guardian and Ward.—Settlement of Claims.—Confirmation of Contract.—Legatees as Parties.*—Where the petition for the confirmation of a contract of settlement between an administrator with the will annexed and a guardian, whose ward was the husband of the testatrix and a legatee under the will, disclosed that the guardian was about to renounce the provisions of the will and claim under the law, and that to avoid this and to avoid litigation the contract of settlement was entered into, the contract was one within the

authority of the administrator and guardian to make, and it was not essential that the legatees be made parties thereto or to the proceeding to confirm same. pp. 92, 94.

5.  EXECUTORS AND ADMINISTRATORS.—*Settlement of Claims.—Authority.*—An administrator may settle claims against the estate by compromising them, and should be allowed any sum paid out in so doing, if he has acted in good faith and with the care and judgment of a man of ordinary prudence and sagacity, and, as a general rule may adjust and settle claims due the estate without the consent of the next of kin; but in all cases, if the administrator has acted without obtaining the authority and direction of the court, he has the burden of proving good faith and diligence and that the act was beneficial to the estate. p. 92.

6.  APPEAL.—*Review.—Ruling on Demurrer to Answers.*—Where all the evidence that could be admitted as a defense to a petition for the confirmation of a settlement contract entered into between an administrator and a guardian was admissible under the general denial, there was no error in sustaining demurrers to paragraphs of special answer. p. 94.

7.  EXECUTORS AND ADMINISTRATORS.—*Contract of Settlement with Guardian.—Petition for Confirmation.—Intervention by Guardian.*—Where an administrator with the will annexed entered into a contract with a guardian of a legatee for the compromise and settlement of claims of the guardian, pursuant to which the guardian procured an order of the court having jurisdiction of the guardianship in confirmation thereof, and thereafter while the petition of the administrator for confirmation was pending in the court having jurisdiction over the estate represented by him, the legatee died, whereupon such administrator attempted to enter a dismissal of his petition and refused to seek a confirmation, the guardian had a sufficient interest in the contract to intervene and ask that the contract be confirmed. p. 94.

8.  ACTION.—*Dismissal by Party.—Statutes.*—Under §339 Burns 1914, §334 R. S. 1881, providing that a plaintiff may dismiss his action in vacation, the judgment of the court at the next term is necessary to complete such dismissal; hence an attempted dismissal in vacation by an administrator of his petition for the confirmation of a contract entered into was ineffectual where judgment of dismissal was not thereafter rendered by the court. p. 95.

9.  EXECUTORS AND ADMINISTRATORS.—*Compromise of Claim with Guardian.—Confirmation of Contract.—Discretion of Court.*—Where a contract of settlement entered into between an administrator with the will annexed and the guardian of an insane legatee provided for the relinquishment of certain rights contended for by the guardian and showed that it was entered into

to avoid litigation, etc., the confirmation thereof was a matter largely within the discretion of the court, and in view of evidence to sustain the petition, and the absence of anything to show an abuse of discretion, the judgment rendered in confirmation thereof can not be disturbed. p. 95.

From Morgan Circuit Court; *John C. McNutt,* Special Judge.

Proceeding for the confirmation of a contract of settlement entered into between William Fender, administrator with the will annexed of Caroline A. Miller, deceased, and Walker Miller, guardian of Edward A. Miller. Pending such proceeding Edward A. Miller died, and Stephen D. Phillips was appointed administrator of his estate. From a judgment confirming the contract, this appeal is prosecuted. *Affirmed.*

*Inman H. Fowler* and *Homer Elliott,* for appellant.

*Willis Hickam, Herbert Hickam* and *S. C. Kivett,* for appellee.

MORAN, J.—William Fender, administrator with the will annexed of the estate of Caroline A. Miller, deceased, and Walker Miller, guardian of Edward A. Miller, a person of unsound mind, entered into a contract adjusting certain claims and differences growing out of their trust estates, respectively. This appeal is from an order and judgment of the lower court confirming the contract of settlement and adjustment.

Caroline A. Miller departed this life December 13, 1910; she left no children or their descendants, no father or mother surviving her, but left surviving her Edward A. Miller, her husband, and brothers and sisters, whom she made beneficiaries in her will. Items Nos. 3 and 4 of the last will and testament of Caroline A. Miller are as follows:

"Item 3. Whereas my present husband is indebted to me for money advanced and mortgage notes executed to me on the last day of March, 1895, in the sum of $900, drawing 8 per cent per annum from date until paid, and

money advanced at different dates in the sum of $1,152.28. * * * Item 4. It is my will that as long as my present husband lives he is to have the use of the above amount of money for his support, but at his decease the unexpended balance to be accounted for to my heirs at law.''

The terms of the settlement between the administrator and guardian heretofore referred to were reduced to writing and signed by William Fender as administrator of the estate of Caroline A. Miller, and Walker Miller as guardian of Edward A. Miller, a person of unsound mind. The part of the contract that is material to the questions presented for review is:

"Now, therefore, to avoid litigation and expense of administration and to save said estate from waste, it is hereby agreed, by and between the said administrator and the said guardian that all differences existing between them as to their respective rights in the assets of said estate are hereby adjusted, settled and compromised on the following terms and conditions, to wit: The said guardian agrees to take in full interest of all his rights, title and interest and claim, in and to the assets of said estate, two notes, one being in the sum of $1,000 together with accrued interest thereon and signed by Philip Coble, and one being in the sum of $300 with accrued interest thereon and signed by Walter S. Duenweg and others, and the balance to be paid in cash in such sum that the total of these notes, together with the accrued interest thereon to the date of this contract, and the said sum paid in cash shall equal the sum of $1,500, the same being the amount agreed upon between said parties to be paid by said administrator to said guardian as the full interest of said Edward A. Miller, in the assets of said estate of Caroline A. Miller, deceased. It is provided that said guardian shall pay to said estate of Caroline A. Miller, his *pro rata* share of any debts that were contracted by Caroline A. Miller prior to her marriage with said Edward A. Miller, and which may be filed against her estate, and which may be legally enforced against the same, and the said administrator hereby agrees to deliver the two notes above described and the balance in cash, to wit: The sum of $——— dollars upon the approval of this contract and settle-

ment by the probate judge of the Vigo Circuit Court of Vigo County, Indiana, and the approval of the same by the judge of the Owen Circuit Court of Owen County, Indiana. It is further agreed by and between the parties that this contract and settlement shall be reported to the respective courts of said respective parties doing probate business in the respective counties, and that the same shall be entered of record and an order of said court made, making said settlement firm and effectual between the parties.''

On March 24, 1911, by proper petition the above contract was presented to the Vigo Circuit Court asking advice of the court and an order directing the guardian to elect for his ward to take under the law instead of under the will of Caroline A. Miller, deceased. The court ordered the guardian to file his election to take under the law instead of under the will and approved and confirmed the acts of the guardian as to the contract of settlement. On March 27, 1911, a petition was filed in the Owen Circuit Court by appellant, administrator of the estate of Caroline A. Miller, deceased, setting forth the condition of the estate, and that a controversy existed as to the interest that Edward A. Miller, who was under guardianship, should take in his wife's estate, and to avoid litigation a contract of settlement had been entered into between the administrator and the guardian and the same was asked to be confirmed by the court. The relatives of Edward A. Miller appeared to this petition and objected to any action being taken until they could file proper proceedings in the Vigo Circuit Court to remove the guardian, and have a guardian appointed in the Owen Circuit Court, where the said Edward A. Miller was a resident. While the above petition was pending for confirmation by the court, and the one in the Vigo Circuit Court for the removal of the guardian, Edward A. Miller died. Immediately after his death, and before letters of administration were issued to appellee to administer upon the estate of Edward A. Miller, deceased, appellant caused to be entered upon the docket of the Owen Circuit Court

in vacation, the following: "Comes now William Fender, administrator by I. H. Fowler, attorney, and withdraws the agreement of settlement between said Walker Miller, guardian of Edward A. Miller, insane, and said Fender, administrator of Caroline A. Miller, deceased, and said administrator now dismisses his petition for the confirmation of said agreement September 2, 1911. I. H. Fowler, Attorney."

Before any action had been taken by the Owen Circuit Court as to the granting or dismissing of the petition of William Fender, administrator of the estate of Caroline A. Miller, praying for the confirmation of the contract of settlement, appellee was appointed administrator of the estate of Edward A. Miller, and filed his petition asking the Owen Circuit Court to confirm the contract as theretofore prayed for by appellant. To this petition appellant addressed a plea in abatement, to which a demurrer was sustained. In addition to an answer of general denial, appellant filed eleven paragraphs of affirmative answer; to all of which, except the sixth, which was an answer of no consideration, demurrers were filed and sustained. A reply in general denial to the sixth paragraph of answer closed the issues. Trial was had in the Morgan Circuit Court, where the cause had been venued and a finding and judgment for appellee confirming the contract of settlement; from the finding and judgment thus entered, appellant prosecutes this appeal, and assigns as error: (1) error in sustaining appellant's demurrer to appellee's separate plea in abatement; (2) error in overruling appellant's demurrer to appellee's petition; (3) error in sustaining appellee's demurrers to paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11 and 12 of the answer of appellant; (4) error in overruling appellant's motion for a new trial.

The objection raised by appellant under "Propositions and Authorities", as to the first error assigned is, that the demurrer to the plea in abatement is defective in form and

the court erred in sustaining the same. That part of the demurrer to which the objection is specifically addressed is as follows: "That neither of said paragraphs states facts sufficient to constitute a cause of defence". It may be regarded as a well-settled rule of practice in this State, that a demurrer to a plea in abatement in the language above is bad in form. *Kunkle* v. *Coleman* (1910), 174 Ind. 315, 92 N. E. 61; *State* v. *Roberts* (1906), 166 Ind. 585, 77 N. E. 1093; *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143; *State* v. *Tam* (1912), 178 Ind. 313, 99 N. E. 424.

The pleading in this case asking the approval of the court of an adjustment and settlement of the alleged differences between the two estates, invoked the probate jurisdiction of the court. As to whether the pleading was such that a plea in abatement would lie, we need not decide, for an examination of the various paragraphs of the plea in abatement fails to disclose that there was a want of jurisdiction of either the subject-matter or the person or any other infirmity that was ground for abating the proceedings. The pleading being insufficient, the sustaining of a demurrer thereto, which is defective in form, is harmless. *Town of Knox* v. *Golding* (1910), 46 Ind. App. 634, 91 N. E. 857, 92 N. E. 986; *Spaulding* v. *Mott* (1906), 167 Ind. 58, 76 N. E. 620.

Appellant's counsel states that the question upon which the decision of this court must ultimately depend is presented by the second assignment of error, viz., the overruling of appellant's demurrer to appellee's petition. The objection raised to the petition is that the legatees should have been parties to the contract of settlement and are necessary parties to the petition seeking a confirmation thereof, and that the administrator had no authority to contract in this behalf without the consent of the legatees. As to the authority of the administrator to enter into the contract of settlement, the petition discloses

that the guardian was insisting on behalf of his estate that the estate of Caroline A. Miller was obliged to pay, by reason of the fourth item of the will, all the expense that had accrued by reason of the maintenance and care of his ward, during the time he had been under guardianship, which amounted to something like $1,000. There was the further question under consideration at the time and before the contract was entered into in reference to the election of the guardian to take under the law instead of under the will of Caroline A. Miller. There was a controversy as to the relative rights of the estates represented by the administrator and the guardian, respectively, and it is a familiar principle of law that the compromise of a matter in dispute is a sufficient consideration to support a contract when the same is entered into in the absence of fraud. *Long* v. *Shackleford* (1853), 25 Miss. 559; *American Cent. Ins. Co.* v. *Sweetser* (1888), 116 Ind. 370, 19 N. E. 159; *Chicago, etc., R. Co.* v. *Katzenbach* (1889), 118 Ind. 174, 20 N. E. 709; *Hutton* v. *Stoddart* (1882), 83 Ind. 539. So there was a sufficient consideration to start with for the entering into of a contract of settlement.

The petition further discloses that preceding the entering into of the contract, the administrator of the estate of Caroline A. Miller had knowledge that the guardian

4. was contemplating renouncing the provisions of the will in behalf of his ward, and if so, it was understood by the administrator and the guardian, that he would be entitled to one-third of the estate of Caroline A. Miller, which amounted to $4,600. So it was to the advantage of the estate to adjust the matter and avoid litigation; and no dissatisfaction was expressed on the part of the administrator until after the death of Edward A. Miller, when the administrator attempted to dismiss the petition that he had theretofore filed asking for a confirmation of the

5. contract. An administrator may effect the settlement of claims against the estate by compromising them,

and should be allowed any sum paid out by him in so doing, if he has acted in good faith and with the care and judgment of a man of ordinary prudence and sagacity. 18 Cyc. 580, f; *Cook* v. *Richardson* (1900), 178 Mass. 125, 59 N. E. 675; *Bruner's Appeal* (1868), 57 Pa. St. 46; *Parker* v. *Providence, etc., Steamship Co.* (1891), 17 R. I. 376, 22 Atl. 284, 23 Atl. 102, 33 Am. St. 869, 14 L. R. A. 414. In this State, it has been held that an administrator has a general, and in many respects an absolute, power over the debts due the estate, which he represents, and he may exercise acts of ownership over the same, and as to claims that are collectible by the estate, he may as a general rule adjust and settle the same without the consent of the next of kin. *Underwood* v. *Sample* (1880), 70 Ind. 446; *Latta* v. *Miller* (1887), 109 Ind. 302, 10 N. E. 100; *Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360, 65 N. E. 1034; *Foot* v. *Great Northern R. Co.* (1900), 81 Minn. 493, 84 N. W. 342, 83 Am. St. 395, 52 L. R. A. 354. The above refers to debts due the estate and claims for the death of the administrator's decedent by negligence or otherwise; the latter of which is not really an asset of the estate and as a usual thing goes to the next of kin or to whom the statute designates. And hence the above propositions are applicable to the cause under consideration, which involves a claim due from the estate only in so far as they throw light on the general power and the authority of the administrator. In *Latta* v. *Miller, supra,* it was held that the administrator had the power, in good faith, and upon sufficient consideration, to release one of the makers of a promissory note executed to him in his fiduciary capacity from liability for the balance of the note remaining unpaid. The court in the cause of *Underwood* v. *Sample, supra,* held that the executor had the power to extend the time of payment of a debt due the estate; and in the absence of fraud or collusion, had the power to release debts and exercise general authority over them in regard to their security and collection. In *McCleary* v. *Chipman*

(1903), 32 Ind. App. 489, 68 N. E. 320, the court in speaking of the authority of an executor said, ''The executor of the Hall estate had authority to release the Hall judgment. There is no finding that it was executed without consideration. It is not shown there was any fraud or collusion or wasting of the assets of the estate.'' ''An executor or administrator has the power to settle or compromise claims for or against the estate ＊ ＊ ＊ and a settlement made by him can be set aside only upon proof of bad faith or fraud.'' *Scully* v. *McGrath* (1911), 201 N. Y. 61, 94 N. E. 195. ''There is a difference, as regards the effect, between a compromise or composition made in the exercise of the common-law authority and one made with consent of the probate court under the statute, in that the burden of proving good faith and diligence, or that the act was beneficial to the estate, rests on the personal representative, where he exercises his common-law authority, while an order of the probate court, legally obtained and complied with, is an absolute protection to him.'' 11 Am. and Eng. Ency. Law (2d ed.) 930. In the light of the authorities and the facts presented by the petition, we are of the opinion that the contract was clearly within the power of the administrator and the guardian to have entered into, and that the legatees need not be parties to the same or to a proceeding seeking confirmation thereof. The prime object of the petition was to procure a confirmation of the contract by the court, as provided by its terms.

The nature of the proceedings is such that all the evidence that could have been admitted as a defence to the petition was admissible under the answer of general denial, in addition, however, to the answer of general denial there remained in the record an answer of no consideration. There was no error committed by the trial court in sustaining a demurrer to each of the other affirmative answers. The guardian had a sufficient interest in the contract after it had been con-

firmed on the part of his ward's estate by the Vigo Circuit Court and filed for confirmation by the administrator in the Owen Circuit Court, to intervene. and ask that it be confirmed when the administrator refused so to do.

8. The attempt of the administrator to dismiss his petition asking for a confirmation of the contract in vacation was ineffectual. The statute provides "The plaintiff may dismiss his action in vacation, by filing with the clerk a writing to that effect. The clerk shall enter such written dismissal in the order-book, and the court render judgment accordingly * * *.'' §339 Burns 1914, §334 R. S. 1881. The judgment of the court at the next term was necessary to complete the dismissal; no judgment of this character was entered. *Courtney* v. *Courtney* (1892), 4 Ind. App. 221, 30 N. E. 914; *McLain* v. *Draper* (1887), 109 Ind. 556, 8 N. E. 910.

The evidence fully supports the allegations of the petition. After the contract reached the court for confirmation in the manner it did, its confirmation by the court

9. impresses us as being largely within its discretionary power, and having confirmed the same, there can be no reversal of the court's judgment, unless there was an abuse of the discretionary power of the court, which the record fails to disclose. As to the other questions presented, we have examined the same, and find no error that was prejudicial to the rights of the appellant. Judgment affirmed.

NOTE.—Reported in 108 N. E. 971. As to when compromise and settlement is enforceable on payment of part of a demand, see 100' Am. St. 412, 429. On the compromise by personal representative of claim due estate, see 14 L. R. A. 414. See, also, under (1) 31 Cyc. 319; (2, 6) 31 Cyc. 358; (3) 8 Cyc. 505; (4) 18 Cyc. 580; 21 Cyc. 74; (7) 31 Cyc. 517; (8) 14 Cyc. 410; (9) 3 Cyc. 325.