# Snyder's Appeal.

1. Three per cent. commissions having been allowed by an auditor to an executor for selling real estate, and the Orphans' Court having ratified it, the Supreme Court would not disturb the finding without affirmative evidence showing plain error.

2. Under the Act of April 27th 1864, the costs in partition with a reasonable compensation to counsel are to be *taxed by the court.*

3. In partition making seven allotments, six were accepted and one sold, the costs including attorney's fee belonged to the whole partition and not to the lot sold only.

4. The executor who made the sale had no right to pay attorney's fees or other costs of the partition, except so far as the court might order them to be paid out of the proceeds of sale.

5. The claim was against the parties in partition according to their several interests.

6. The design of the act is that the costs of partition shall not be paid by the party alone who conducts the proceedings ; but by all the parties, and it is not to pay fees for litigation.

7. Fees to auditors remarked upon.

[Snyder's Appeal.]

January 10th 1867.   Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.   STRONG, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia.*

Joseph Snyder, by his will having given $20,000 in trust for an only daughter, directed the residue of his estate, real and personal, to be divided amongst his seven sons.   In 1864, on the petition of all the parties interested, proceedings in partition were commenced in the Orphans' Court, which resulted in a division of the real estate of the decedent into seven parts, six of which were accepted by as many devisees.   The executor, Joseph J. Snyder, was directed by the court to sell the seventh part, which had been valued at $35,000, but which at the sale was bid to $19,500 only, and then withdrawn.   After much effort and trouble on the part of the executor it was eventually sold for $27,600.

In his account the executor claimed commissions at the rate of 5 per cent. on the sale of this real estate, which was reduced to 3 per cent. by the auditor appointed to settle and adjust his account.

Before the auditor, Mr. Ernst, of counsel with two of the heirs, claimed $500 for compensation for professional services, as having been engaged jointly with Mr. Parsons of counsel with the five other heirs (Mr. Parsons being also of counsel with the executor) in the proceedings in partition, which the auditor reported "involved much trouble and consumption of time."   The auditor allowed the claim, and also increased the compensation of Mr. Parsons, which had been credited in the account at $250, so as to make it $500.

These allowances were made under the Act of 27th April 1864, Pamph. L. 641, Purd. 1371, which provides that: "The costs, in all cases of partition in the Common Pleas or Orphans' Court of this Commonwealth, with a reasonable allowance to the plaintiffs or petitioners for counsel fees, *to be taxed by the court, or under its direction*, shall be paid by all the parties in proportion to their several interests."

The auditor charged $300 as his own compensation.   To the report of the auditor the executor and five of the heirs filed exceptions :—that he reduced the commissions ; that he allowed $750 counsel fees for the proceedings in partition ; and that he charged too much for his own services.

The Orphans' Court dismissed the exceptions and confirmed the report ; the executor and four of the heirs appealed.

The errors assigned were, that the court erred :—

1. In reducing his commissions from 5 per cent. to 3 per cent.

2. In allowing the attorneys the sum of $750 fees, in relation to the partition.

3. In deciding that the auditor had jurisdiction to settle the

attorneys' fees in the partition, that never having been referred
to him.

4. Because the Orphans' Court had not fixed or settled the
allowance for attorneys' fees, as required by the Act of Assembly.
*     *     *     *     *     *     *     *     *     *

6. Because the court allowed the auditor more fees than are
warranted by the law.

*A. V. Parsons*, for appellant, cited, as to the question of com-
missions, Pusey *v.* Clemson, 9 S. & R. 204; Askew *v.* Oden-
heimer, 1 Baldwin 380; Miller's Estate, 1 Ash. 323; Freedly's
Appeal, 2 Barr 304; McFarland's Estate, 4 Id. 149; Bird's
Estate, 2 Pars. 168; Gable's Appeal, 12 Casey 395; Spangler's
Estate, 9 Harris 335; Solliday *v.* Bissey, 2 Jones 347; Heck-
ert's Appeal, 12 Harris 483; Robb's Appeal, 5 Wright 45;
Stevenson's Estate, 1 Pars. 18. The Act of April 27th 1864
requires the fees to be *taxed* by the court, and paid by the
parties in proportion to their interests. No application was
made to the court to tax the fees. The application should be
made to the court, stating the claim, which should be decided
after notice to the heirs. By the Act of April 23d 1860,
Pamph. L. 585, "auditors shall receive a reasonable compen-
sation, to be fixed by the court:" Baldwin's Estate, 4 Barr 248;
Bussier *v.* Pray, 7 S. & R. 447; Irwin *v.* Commissioners, 1 Id.
506; Kline *v.* Shannon, 7 Id. 378; Porter's Appeal, 6 Casey
496.

*Ernst*, for appellee.

The opinion of the court was delivered, January 17th 1867, by
AGNEW, J.—In Robb's Appeal, 5 Wright 49, our brother
Strong said that ordinarily 3 per cent. is a sufficient compensa-
tion for the sale of real estate; and stated that we are not dis-
posed to disturb the finding of an auditor ratified by the court,
without affirmative evidence convincing us of plain error. Com-
pensation is so much governed by the circumstances that no
unbending rule can be fixed as to the rate of percentage. We
are not satisfied the allowance of 3 per cent. in this instance is
too little. See also McCausland's Appeal, 2 Wright 466;
Lukens's Appeal, 11 Id. 356.

The second error assigned has more in it. The auditor allowed
Mr. Ernst $500, and Mr. Parsons $250 as fees for professional
services rendered in a proceeding in partition, under the Act of
27th April 1864, which is in these words: "The costs, in all
cases of partition in the Common Pleas or Orphans' Court of this
Commonwealth, with a reasonable allowance to the plaintiff or

petitioner for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their several interests." The interpretation of this law is plain both from its language and design. That which is to be allowed is *costs* in the partition, and these, with a reasonable compensation, are to be *taxed* by the court. Costs, as all know, are the taxed expenses of a case, and here the reasonable allowance is to be taxed with the costs, and then to be paid by the *parties* in proportion to their several interests. There was an actual partition in this case, and six allotments out of seven accepted. Only one was ordered to be sold, and out of the proceeds of this one-seventh the controversy before us has arisen. The costs of the partition, including the reasonable attorneys' fee, belonged to the whole partition, and not to this sale merely. Before the executor was ordered to sell the rejected purpart, he had nothing to do with the case, and the attorney had no claim against him for fees. That claim was against the parties in the partition, according to their several interests. The executor, therefore, had no right to pay the attorney fees, except so far as the court might order them to be paid out of the proceeds of sale as a part of the costs of the partition. He had no more to do with them than he had with the clerk's or sheriff's fees. All the costs were to be taxed, including the reasonable allowance to the attorney; and as they were to be paid by the parties in the partition, the taxation must be according to the rules of the court for taxing costs. The design of the law was to place the parties upon an equality as to the expense of effecting partition among them. Owing to minority, coverture and other causes, the proceeding in partition may be indispensable; and yet the party, no matter how small his interest, was compelled to pay attorney's fees for conducting them to a conclusion as beneficial to others as to himself. The law was intended to remedy this injustice, but it was not designed to pay the fees of mere litigation, so that a litigant should saddle the cost of his litigation on others. Hence the law fixed the compensation as a reasonable one, to be taxed by the court. This enables the court to see that only the proper charge is made. The finding of the auditor and confirmation of the court on this point must be reversed in order that the report can go back to give an opportunity of taxing a reasonable fee in the partition. Then if the court should believe the charge proper to be paid out of the proceeds of the sale of the single purpart, of which we have no means of judging, an order can be made upon the executor to pay the same out of the moneys in his hands and credited in his account.

As to the auditor's fees, we are unable to say that they should not be allowed. He has omitted to state the whole number of

[Snyder's Appeal.]

meetings and other facts which might display the extent of his labor. It looks somewhat high, and yet may not be so. Having no satisfactory evidence furnished against it, and the court below having allowed it, we ought not to disturb it. But if it be a custom, as asserted in the argument, to allow any charge an auditor may deem it proper to make, it is a bad one, and should be abolished. No delicacy to the profession should suffer an allowance to be made which conflicts with justice and the rights of parties. The necessity which brings estates into the courts for settlement should not be a signal for plundering them of that which death and bereavement have left to the owners. The helpless condition of the parties needs that they should be protected from rapacity, especially at the hands of those to whom a duty has been committed. These remarks are not intended for this case, for the evidence does not warrant it, but are made in view of what is said to be the custom of charging auditor's fees.

And now, January 17th 1867, the court confirm the decree of the Orphans' Court, excepting that part allowing the fees of the attorney in the partition. This allowance is reversed, and the record ordered to be remitted to enable the said court to take such further proceedings relating to the same as shall be necessary and lawful and in accordance with the principles set forth in the opinion of this court. The costs of the appeal in this case are ordered to be paid by the appellees.