## APPEAL OF JULES E. PEREYRA.

### [EDWARDS v. SEAFORD, ET AL.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 3 OF
PHILADELPHIA COUNTY, IN EQUITY.

Argued April 1, 1889—Decided May 6, 1889.
[To be reported.]

The reasonable allowance for counsel fees to be taxed by the court, or
under its direction, in all cases of partition : Act of April 27, 1864, P.
L. 641, is to be made to the plaintiff or petitioner in his or her relief,

Statement of Facts.

and not to the counsel; wherefore the counsel has no standing to appeal from a decree relating to such allowance.

Before STERRETT, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 137 January Term 1889, Sup. Ct.; court below, No. 1176 June Term 1887, C. P. No. 3.

On September 10, 1887, a bill was filed by Catharine Edwards against Mary Seaford, John G. Bennett, James B. Simpson and Sarah, his wife, in right of said wife, Lewis K. Bennett and James H. Bennett, praying for a partition of certain real estate in Philadelphia, which had become vested in the plaintiff and defendants as the heirs at law of Mary Wilson, deceased. In filing this bill, Mr. Jules E. Pereyra was of counsel for the plaintiff. No answer to the bill being filed by the defendants, a decree was entered pro confesso, and on December 6, 1887, *Mr. Thomas B. Reeves* was appointed master to make sale of the real estate and to distribute the proceeds.

After the real estate was sold, the sale confirmed and purchase money paid, Mr. Pereyra made claim before the master for the allowance of a counsel fee out of the fund, and adduced the testimony of professional witnesses as to the value of services in the conduct of the equity proceedings and as the counsel of Catharine Edwards for a period of two years or more before the bill was filed, in ineffectual efforts to convert the real estate into money. The master, upon the testimony, taken, made a report of distribution, awarding, inter alia, a counsel fee of $500 to Mr. Pereyra. To this report, exceptions were filed on the part of the defendants in the bill, alleging error in the allowance of counsel fees for services rendered to the plaintiff in the bill, before the partition proceedings began, and that the allowance was excessive. These exceptions were overruled by the master, and being renewed upon the filing of his report, on October 15, 1888, the court, FINLETTER, P. J., sustained the exceptions referred to, as the court was of the opinion the attorney for the complainant had not "acted in good faith to the estate." On application then made, the master was given leave to withdraw his report for amendment, and subsequently filed an amended report, making

no allowance to Mr. Pereyra for counsel fees, but submitting the matter to the determination of the court. To this amended report Mr. Pereyra filed exceptions, which were overruled by the master and subsequently by the court, and a decree of distribution entered in accordance with the master's amended report. Thereupon, the claimant took this appeal, assigning as error the overruling of his exceptions.

Mr. *E. Hunn Hanson* and *Mr. F. Carroll Brewster* (with them *Mr. D. W. Sellers*), for the appellant.

Mr. *S. N. Rich*, for the appellees.

OPINION, MR. JUSTICE CLARK:

Upon a careful reading of the evidence we find nothing to justify the charge of bad faith on the part of Mr. Pereyra. That he rendered valuable services in conducting the proceedings in partition is undoubted, and either Catharine Edwards, his client, or the estate of Mary Wilson, deceased, should compensate him. He may, from lack of experience or other cause, have over-estimated the value of his services, or he may have embraced in his claim items which were properly chargeable to his own client alone, but the partition was conducted to a successful conclusion, and he is certainly entitled to a reasonable compensation from some source for the services actually rendered in the partition. The fact that he claimed too much, is no reason why he should receive nothing. The whole matter was for the court, upon a dispassionate consideration of the evidence, and the amount and value of the services rendered.

But we cannot see that the appellant has any standing in this court to complain of the decree. The appellant's claim is under the first section of the act of April 27, 1864, P. L. 641, which provides as follows: "The costs in all cases of partition in the Common Pleas or Orphans' Courts of the commonwealth, with a reasonable allowance to the plaintiffs or petitioners for counsel fees to be taxed by the court, or under its direction, shall be paid by all the parties, in proportion to their several interests." This allowance it will be seen is to be made to the plaintiff or petitioner, not to the counsel; it is a

provision in relief of the party to pay counsel fees; and if Catharine Edwards the plaintiff is satisfied with the decree, we cannot see that the counsel has any legal status here on an appeal. There is no judgment or decree against Mr. Pereyra from which an appeal will lie. If an allowance had been made, it would not have been in his favor, but in relief of his client, and in her favor, and the refusal to make the allowance is a decree against her. Mr. Pereyra, in the absence of any statutory provision made for him, must look to his client; if she declines to be reimbursed, he cannot complain. A reference to Snyder's App., 54 Pa. 67; Grubbs' App., 82 Pa. 23; The Fidelity Co.'s App., 108 Pa. 340, and Biles's App., 119 Pa. 105, will show that the practice is in conformity with this view of the law. The legal principles which govern the rights of all parties in interest are similar to those declared in McAllister's App., 59 Pa. 204, relating to attorney's commissions for collection, etc. The obligation in the case cited is created by contract, whilst in this case it exists by statute, but in both it stands upon the force of the words imposing it, and the legal effect is the same.

For the reasons stated, we cannot see our way clear to sustain this appeal.

> The appeal is therefore dismissed at the cost of the appellant.