## Kujack's Estate.

*Practice, O. C.—Partition—Allowance of counsel fees—Acts of April 27, 1864, May 4, 1864, and June 7, 1917.*

1. The equity fee bill has no application in partition proceedings in the Orphans' Court.

2. The question of the value of services rendered by counsel is one of fact purely, as to which the finding of the auditing judge, in the absence of manifest error, is conclusive; that another judge on the same testimony might have arrived at a different conclusion is not enough to induce the court *in banc* to reverse.

3. The above rule applies in partition proceedings in the Orphans' Court.

4. In such proceedings, the rule is that a reasonable allowance will be made to the petitioner for the employment of counsel who instituted the proceedings and carried them through to consummation, and also for such services and labor connected therewith as were necessary and were for the common advantage of the parties in interest; but that each client must compensate his own attorney out of his own pocket for services which inure to the special benefit of the client.

5. The services, for the performance of which the statute was meant to provide, were searches, formal motions, preparation of papers and conveyancing; in a word, for such professional services as would properly enter into the bill of costs of an attorney under the English practice; counsel fees, such as are paid to a barrister for a trial in court, were not in contemplation.

Acts of April 27, 1864, P. L. 641, May 4, 1864, P. L. 775, and June 7, 1917, P. L. 337, considered.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1921, No. 326.

*Walter C. Longstreth*, for exceptant.

LAMORELLE, P. J., April 30, 1924.—Premises No. 5338 Newhall Street were sold at public sale pursuant to decree of this court, in partition proceedings, by Thomas McFarland, trustee, appointed for such purpose.

In due course the trustee filed his account. It showed that the property sold for $990, and that, after deductions were made for trustee's commissions, fees of auctioneer and costs of advertising, there remained a balance of $872.10 for distribution among five co-owners.

At the audit, counsel who appeared for the petitioner, Anna Kujack Hamilton, and for the trustee presented a claim for money expended by him in the nature of costs of proceedings, amounting to $99.59, and for a fee of $300 for services rendered the petitioner and the trustee. He also testified as to the amount and character of work, and that, in his judgment, the fee asked for was very reasonable.

The trustee (who is also the husband of one of the five heirs) objected to an allowance of $300, and requested the auditing judge to fix the amount.

4 D. & C.

Kujack's Estate.

The auditing judge, after due consideration of the testimony, concluding that much of the work performed by counsel was for the benefit of his own client, the petitioner, allowed (in addition to the expenditures of $99.59) a fee of $100. Anna K. Hamilton, the petitioner, filed exceptions, alleging in effect that the auditing judge erred in not fixing the fee of counsel at $300.

The matter came before the court in banc, and at the argument, it having been suggested that possibly the equity fee bill entered into the question, the adjudication was recommitted to the auditing judge, he assenting, for further consideration as to how far, if at all, this was a factor.

At this reaudit, counsel submitted a statement showing that, under the equity fee bill, he should receive $123.80, at the same time, however, contending that he was not bound thereby; that in no event was this fee bill controlling, and further insisting that the fee of $300 was but reasonable compensation. The equity fee bill referred to is that used in the Courts of Common Pleas.

The auditing judge, ruling that such bill had no application in partition proceedings in this court, again, after further consideration, fixed the fee to be paid out of the fund at $100. He found as a fact that this sum fairly and justly measured the services rendered for the benefit of all parties in interest within the meaning of the acts hereinafter referred to, whereupon Anna K. Hamilton, the petitioner, again excepted.

The present exceptions are similar in character to those theretofore filed. None go specifically to the ruling of the auditing judge that the Orphans' Court is not bound by the equity fee bill adopted by the Courts of Common Pleas.

Speaking generally with reference to counsel fees, we quote at length and with our approval what Judge Gest says on the subject in Bergdoll's Estate, 25 Dist. R. 102:

"As long ago as Scattergood's Estate, 2 Phila. 158 (1856), the Supreme Court said, per curiam, in reference to claims for commissions and counsel fees, that they were mere matters of fact, depending on the evidence; adding, 'we trust the judgment of an auditor in matters like this as we trust a jury in the assessment of damages, never disregarding the decision of either, unless in cases where the error is perfectly glaring.'

"And this court, in passing upon exceptions filed to the allowance or disallowance of counsel fees and commissions, has always acted upon the same principle. In Simon's Estate, 9 Dist. R. 59, Judge Penrose said that the question of the compensation of counsel was pre-eminently for the auditing judge. In Boyd's Estate, 17 Dist. R. 393, the same judge said 'the question as to the value of services rendered by counsel is one of fact purely, as to which the finding of the auditing judge, in the absence of manifest error, is conclusive,' and to the same effect are Clark's Estate, 11 Phila. 53; Mutchmore's Estate, 9 Dist. R. 702, and Wolf's Estate, 22 Dist. R. 541. The Supreme and Superior Courts, since Scattergood's Estate, have repeatedly said that the quantum of counsel fees is a question peculiarly within the discretion of the court of first instance (Kalbfell's Estate, 17 Pa. Superior Ct. 255; Robb's Appeal, 41 Pa. 45; Good's Estate, 150 Pa. 307), and will only interfere when the findings of the auditor or auditing judge and the Orphans' Court are widely divergent, as in Fahnestock's Appeal, 104 Pa. 46, and Gilpin's Estate, 138 Pa. 143.

"The allowance of counsel fees is always, as was said in Good's Estate, 150 Pa. 307, a subject of delicacy, if not difficulty, inasmuch as it depends upon a number of factors, not merely the size of the estate, but also the

extent of the labor of counsel, the responsibility assumed by him, the advantage or benefit derived by the estate from his services, and as well the professional standing and reputation of the claimant. The auditing judge who hears the testimony in the first instance is far better qualified to arrive at a just and accurate estimate than the court *in banc;* and it is not enough that another judge, on the same testimony, might arrive at a different conclusion; manifest error must be shown to exist."

This rule applies equally in petitions for partition. It must be remembered, however, that the fee to be allowed counsel who conduct such proceedings does not stand on the same basis as the fee allowed counsel who settle an estate. In the latter case the services rendered by counsel are for the benefit of the estate as a whole, and, consequently, inure to the benefit of all parties in interest; but in partition proceedings counsel for the petitioner has, himself, no standing to ask for the allowance of a fee. The fee is taxed by the court as a part of the costs incurred by the petitioner: See Snyder's Appeal, 54 Pa. 67; Pereyra's Appeal, 126 Pa. 220. In Culp's Estate, 26 W. N. C. 78, Judge Hanna reviews the law and lays down the rule that a reasonable allowance will be made to a petitioner in partition proceedings for the employment of counsel who instituted the proceedings and carried them through to consummation, and also for such services and labor connected therewith as were necessary and were for the common advantage of the parties in interest; but that each client must compensate his own attorney out of his own pocket for services which inure to the special benefit of his client.

Section 35 of the Orphans' Court Partition Act of 1917, P. L. 351, which is in effect but a re-enactment of the Act of April 27, 1864, P. L. 641, provides: "The costs in all cases of partition in the Orphans' Court, with a reasonable allowance to the petitioners for counsel fees, to be taxed by the court, or under its direction, shall be paid by all the parties in proportion to their several interests."

Thus, in the leading case of Grubbs' Appeals, 82 Pa. 23, the partition litigation, which had lasted for four years and netted the sum of $175,000, did not justify an allowance for the plaintiffs of a fee of $2500. The auditor said: "In this view of the case and looking to the proper legitimate services of the distinguished counsel employed, the great value of the property involved and their responsibility, the sworn testimony in this case as to the value of professional services, the auditor has come to the conclusion to recommend $2500 to be taxed in the case as a proper fee for plaintiff's counsel."

But, said Mr. Justice Woodward, in speaking for the Supreme Court: "The services for the performance of which the statute was meant to provide were searches, formal motions, the preparation of papers and conveyancing; in a word, for such professional duties as would properly enter into the bill of costs of an attorney under the English practice. Counsel fees in the ordinary sense—such as are paid to a barrister for a trial in court—were not in contemplation. The distinction is as well established as any other in the law, and is as well recognized and understood here as if the profession were divided into classes, as it is in England."

The record was remitted to the Common Pleas for further consideration along the lines suggested by the Supreme Court.

The many cases on this subject are also reviewed at length in our opinion in McNeile's Estate, 17 Dist. R. 1066.

While the question is not really before us on exceptions, we have no hesitancy in saying that we concur in the ruling of the auditing judge that the equity fee bill has no application in partition proceedings in this court.

4 D. & C.

The Act of May 4, 1864, P. L. 775, imposed a duty upon the judges of the Courts of Common Pleas and the several District Courts of making and establishing for their respective courts "a tariff of fees and costs in equity proceedings and cases."

The Act of April 27, 1864, P. L. 641, provided that *the costs*, with a *reasonable allowance* to the *petitioner for counsel fees*, in all cases of partition in the Common Pleas or Orphans' Court, should be taxed by the court.

The present equity fee bill is found in Rule 160 *(a)*, adopted by the Courts of Common Pleas, June 4, 1920. It is obvious, however, that any fee bill adopted by the judges under the act first above referred to applies to equity proceedings alone and in no way binds the Orphans' Court.

The present and the only law, so far as this court is concerned, is found in section 35 of the Orphans' Court Partition Act of 1917 *(supra)*.

It is true that the rules of equity practice as promulgated by the Supreme Court are adopted by this court in its Rule xv, section 5, but only so far as they are applicable to our practice and proceedings.

In Drum's Estate, 16 Phila. 203, Judge Hanna held that the rule did not contemplate the *printing* of petitions and answers, except in certain enumerated cases, illustrating his opinion by various examples, where hardship or perhaps a denial of justice might follow.

In Playford's Estate, 7 Pa. Superior Ct. 325, which was an appeal from the Orphans' Court of Fayette County in the matter of taxing costs in a partition proceeding, Judge Beaver said (at page 328) : "As to the question of adjudication or taxation of the costs the rule relating to the taxation of bills of costs in the court of common pleas does not apply here. The attorneys' fee was fixed specifically by the court and the officers' costs fixed by law are all set out by specific items on the margin of the record, as printed in the appellants' paper-book."

In Snyder's Appeal, 54 Pa. 67, which was an appeal from the decree of the Orphans' Court of this county, Mr. Justice Agnew, speaking for the court and referring to the Act of April 27, 1864, P. L. 641, says (at page 69) : " 'The costs, in all cases of partition in the Common Pleas or Orphans' Court of this Commonwealth, with a reasonable allowance to the plaintiff or petitioner for counsel fees, to be taxed by the court or under its direction, shall be paid by all the parties in proportion to their several interests.' The interpretation of this law is plain both from its language and design. That which is to be allowed is *costs* in the partition, and these, with a reasonable compensation, are to be *taxed* by the court. Costs, as all know, are the taxed expenses of a case, and here the reasonable allowance is to be taxed with the costs, and then to be paid by the *parties* in proportion to their several interests."

It follows, therefore, that costs which are to be allowed represent the necessary outlay by the petitioner—in the instant case sums aggregating $99.59, which the auditing judge directed should be refunded—and that, in addition thereto, the court is to tax a reasonable fee, which in the matter now under discussion has been fixed by the auditing judge, and approved by the court, at $100.

As a result of our examination of the record in the instant case, we see no reason to reverse the rulings of the auditing judge.

All exceptions are accordingly dismissed and the adjudication is confirmed absolutely.