a new start in life. The Court especially feels that way in this case, wherein, the defendant very frankly and openly admitted that her last relations with her husband was October 10, 1937. and because there had been no evidence whatsoever of any adulterous conduct other than the fact that 323 days after her last intercourse with her husband a child was born.

It would seem to this Court that justice would require that it be the duty of the plaintiff to give to ▮▮▮ the defendant an opportunity to rehabilitate herself and reestablish her life. Out of the martial relationship which has existed since 1936 there should evolve even upon dissolution of that marriage, a duty upon the husband, who is the breadwinner in this case, to give his wife an opportunity to start her life anew.

In Wright's Reports in the case of Dailey v Dailey in the syllabus, at page 514 the Court says,

"When a divorce is decreed for a single act of adultery in the wife, and there is no hope of reclamation, and the property was earned by the parties in wedlock, alimony will be allowed, for the wife must not be turned loose to prostitution or starvation."

The Court feels in this case as the Court did in the case just cited, that the wife, "must not be turned loose to prostitution or starvation", and for that reason this Court is of the opinion that she should be allowed $500.00 with which to reestablish herself in life and out of which she is to pay reasonable attorney fees.

This Court further concludes that the plaintiff is entitled to a divorce from the bonds of matrimony as prayed for in his petition and that he shall pay all of the Court costs.

C. Cecil Huntsman, for appellant.
A. G. & R. E. Fuller, Findlay, for appellees.

### OPINION

BY THE COURT:

This is an appeal on questions of law and fact from an order of the Court of Common Pleas of Hancock County, Ohio. Cash in lieu of bond for appeal has been deposited with the Clerk of Courts according to law. Motion has been filed to dismiss the appeal.

The appeal is taken by C. Cecil Huntsman, who was the attorney for Oda F. St. John, plaintiff in a partition action in the Common Pleas Court

of Hancock County, Ohio, wherein Dell D. St. John and others are defendants.

The sole question involved in the appeal is the division of attorney fees which were by the order of the Common Pleas Court fixed at five hundred and forty dollars and divided equally between C. Cecil Huntsman, attorney for plaintiff, \d A. G. and R. E. Fuller, attorneys for defendants.

The appeal . s by C. Cecil Huntsman the attorney for plaintiff in his individual capacity.

The order appealed from is only an incidental order in the partition proceeding and is not such a judgment as will support an appeal on questions of law and. fact. **Eaton v Robison et, 47 Oh Ap 436,** affirmed under the name of **Union Joint Stock Land Bank of Detroit, Michigan v Eaton, et, 127 Oh St 587.**

An attorney or other person entitled to have fees taxed as costs in an action cannot in his own name prosecute an appeal on questions of law to reverse an order of the court taxing the costs and partially disallowing his claim for fees in the case. **John C. Fiedeldey v Albert D. Diserens, 26 Oh St 312.**

For the reasons mentioned, the appeal is not sustainable either as an appeal on questions of law and fact or as an appeal on questions of law, and for want of jurisdiction of the subject matter the appeal will be dismissed and stricken from the docket.

As the appeal is dismissed for want of jurisdiction of the subject matter the court can only strike the case from its docket and can render no judgment for costs. **Norton v McLeary, 8 Oh St 171.**

CROW, PJ., KLINGER and GUERNSEY, JJ., concur:

## STATE ex CENTERVILLE (Village) v BRADFORD (Mayor)

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1594.   Decided Sept. 27, 1939

M. H. Bridge, Dayton, for relator.
Louis E. Bradford, Centerville, for respondent.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an original action in mandamus, the same being submitted