OPINION
BY THE COURT:
The above-entitled cause is now being determined on the oral application of Fred C. Rector, Richard T. Rector and Harrison W. Smith, partners, doing business under the name of Wilson & Rector, to be made parties defendant herein.
Appellants by their counsel appeared in Court and objected to the application, whereupon it was the order of the Court that the matter be submitted on brief.
The original actions, four in number, were for partition of real estate located in Franklin County, Ohio, and reported to be of a value of more than one million dollars. During the pendency of the action the plaintiff sold her interest involved in the four cases to W. Lyman Case and thereafter plaintiff’s grantee was substituted as plaintiff. We are informed that later the interested parties agreed that the premises should not be partitioned and consented and agreed to' a dismissal of the petitions and cross-petitions without prejudice. ¡
Before entering the order of dismissal the defendants filed an application in each case reciting the substitution of the plaintiff, the agreement to dismiss, expenses incurred by defendants in the employment of counsel who allegedly assisted in perfecting the action for the protection of the common interests for the common benefit of all the owners asking the allowance of reasonable counsel fees to plaintiff’s counsel and also to counsel for the defendants, co-owners.
The application came up for hearing first before Judge Duncan. Thereupon the six members *199 of the Court of Common Pleas of Franklin County, sitting en banc, allowed attorney fees to the firm of "Wilson & Rector in the four eases in the total sum of $32,000.00. No allowance was made to defendants for compensation of their attorneys. The defendants then perfected an appea.1 to our Court.
Counsel for appellants in their briefs objecting to the application of Wilson & Rector to be made . parties defendant, earnestly and logically urge that applicants are "neither necessary nor proper parties to this appeal.
It is argued that they were not and could not have been parties to the original action, and further that the allowance of attorney fees is in reality an allowance to plaintiff to reimburse for services rendered in the interests of the tenants in common.
We are cited to the following cases, all of which we have examined:
Fiedeldey v Diserens, 26 Oh St, 312.
St. John v St. John, 30 Abs, 309.
Pake v Lemkauf Banking Co., 65 Southern, 139.
In the Matter of Blythe, 37 Pac. 392 (103 Cal. 305).
Kuhn v Downs, 136 N. W. 199 (156 Iowa, 247).
Pereyra’s Appeal, 17 Atl., 602 (126 Pa. 220).
We are also referred to the following sections of the Ohio Code, 12223-1, et seq., 12223-5 and 12050.
The following authorities are cited in support of the application:
Larrimore v Perfect, 45 Oh Ap, 136.
Emmett v Brophy, 42 Oh St 82.
Abbey v Fish, 23 Oh St 403.
Also Sections 11255 and 11262, GC.
On the question of taxing costs,reference is made to 11 O. Jur., page 10, §1; page 11, §1; page 108, §133. Also, §§3025 and 3028 GC.
We are inclined to the view that the authorities support the conclusion that applicants are not necessary parties and probably not even proper parties.
With considerable reluctance we grant the application to be made parties since in so doing no prejudice will arise against appellants and in so doing will bring before the Court all interested parties and permit a final determination of the status of applicants.
Being permitted to be made a party on their own application, it will render final determination conclusive, whereas if they are not permitted to be parties, further litigation might arise.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concur.