**GOLDHARDT et, Plaintiffs-Appellants v. CURRY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County

No. 3773. Decided March 13, 1945.

H. J. Gardner and Messrs. Richards and Richards, Columbus, for plaintiffs-appellants.

Paul R. Gingher, Columbus, for defendants-appellees.

### OPINION

By THE COURT:

The plaintiff-appellant files this motion to make new parties defendant, and also an application to add new party plaintiff. This action was originally brought by William Goldhardt, plaintiff, but who has since deceased, and the action has been revived in the name of H. J. Gardner, who was duly appointed, qualified and is now acting administrator of the deceased.

The action is to set aside a conveyance of real estate to the defendants upon the ground of fraud, and also for an accounting for the income. The will of the deceased was set aside by the Common Pleas Court of Franklin County, Ohio, and it is sought by this motion to make the sole heirs at law and the next of kin of the said William Goldhardt, parties defendant to this action.

It is the contention of the plaintiff that under the provisions of §11262, G. C., these new parties should be added to this action. This section reads as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination cannot be had without the presence of other parties, the Court may order them to be brought in, or dismiss the action without prejudice."

This section must be construed in pari materia with §11256, GC. which provides:

"Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained * * *, and that fact is stated in the petition, he may be made a defendant."

There is no showing made in any of the pleadings that these suggested new parties refuse to come into this action as parties plaintiff, and until that showing is made they may not be made parties defendants.

The motion to make new parties defendants is accordingly overruled.

There being no objection to the application of Rose Gardner, one of the heirs at law, to become a party plaintiff, this application is allowed. Draw entry accordingly.

HORNBECK, P. P., GEIGER and MILLER, JJ., concur.