STATE EX REL. GALLAHUE *v.* BRENNAN, JUDGE, SUPERIOR
COURT OF MARION COUNTY ROOM 3, ET AL.

[No. 29,104.   Filed November 12, 1953.]

*Hubert Hickam* and *Raymond W. Gray Jr.*, both of
Indianapolis, and *Barnes, Hickam, Pantzer & Boyd,* of
counsel, for petitioner.

*Bingham, Summers & Spilman,* of Indianapolis, for respondent, *Norman E. Brennan,* Judge.

PER CURIAM—This is an original action for a writ of prohibition. We issued the temporary writ prohibiting the respondents Superior Court of Marion County, Room No. 3, and Norman E. Brennan as Judge of said court, from exercising further jurisdiction in Cause No. C-23 entitled Norma Louise Gallahue, Plaintiff, vs. Dudley R. Gallahue, Defendant, on the records of said court. The respondent Norma Louise Gallahue is not a proper party to this original action. Our jurisdiction only extends to courts "to restrain and confine such courts . . . to their respective, lawful jurisdiction." Section 3-2201, Burns' 1946 Replacement. *State* v. *Roberts* (1948), 226 Ind. 106, 76 N. E. 2d 832; *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 61 N. E. 2d 168. Accordingly we shall not consider the return filed by Norma Louise Gallahue, nor the reply to said return. Rules 2-35 and 2-36 only provide for a petition and a return thereto, and the latter rule states, "No other pleading on behalf of a respondent will be entertained."

It will not be necessary to notice all of the pleadings filed in the trial courts. The petition, the return, and certified copies of lower court records properly here, disclose that on June 8, 1953, Norma Louise Gallahue, hereinafter referred to as the wife, filed in the Superior Court of Marion County, Room No. 4, a complaint for divorce against the relator Dudley R. Gallahue, hereinafter referred to as the husband. This cause was numbered B-98649 on the records of said court, and a summons was duly issued and served on the husband the same day. On August 20, 1953, this court was in vacation, and on said day the wife filed a written dismissal of her cause of action for divorce. On this same

day the wife filed another complaint for a divorce from the husband in the Superior Court of Marion County, Room No. 3, being number C-23, on which a summons was issued and delivered to the Sheriff. This second court issued a restraining order and set September 19, 1953, as the date for hearing on the petition for suit money *pendente lite*. On August 20, 1953, the husband, in the Superior Court of Marion County, Room No. 4, in cause number B-98649, filed a cross-complaint for divorce against the wife, and on September 5, 1953, he filed an amended cross-complaint for divorce. Each court is asserting it has jurisdiction of the divorce proceeding.

Section 3-1209, Burns' 1946 Replacement, specifically authorizes filing of a cross-action for divorce by a defendant as follows:

> "In addition to an answer, the defendant may file a cross-petition for divorce; and when filed, the court shall decree the divorce to the party legally entitled thereto. If the original petition be dismissed after the filing of the cross-petition, the defendant may proceed to the trial of the cross-petition without further notice to the adverse party; and the case upon such cross-petition shall in all things be governed by the same rules applicable to a case on an original petition."

Under this provision of the statute the Superior Court of Marion County, Room No. 4, had jurisdiction of the cross-action unless the wife by her dismissal deprived the court of such jurisdiction. Section 2-902, Burns' 1946 Replacement, concerning dismissals in vacation, provides as follows:

> "The plaintiff may dismiss his action in vacation, by filing with the clerk a writing to that effect. The clerk shall enter such written dismissal in the order-book, and the court shall enter judgment accordingly at the next term. The plaintiff shall

not be liable to the defendant for any costs made by him after notice of the dismissal."

In *Fender* v. *Phillips* (1915), 59 Ind. App. 85, 95, 108 N. E. 971, it was held that, "The judgment of the court at the next term was necessary to complete the dismissal; no judgment of this character was entered." See also *State ex rel. A.-Chalmers Mfg. Co.* v. *Boone C. Ct.* (1949), 227 Ind. 327, 333, 86 N. E. 2d 74.

Until a judgment by the court was entered on the dismissal the following term, it is quite evident that the first court retained jurisdiction of the divorce proceeding. Since the husband filed his cross-action for a divorce before any judgment of dismissal could be entered, the Superior Court of Marion County, Room No. 4, is the court first acquiring jurisdiction of the subject matter and the parties, and this jurisdiction is exclusive. *State ex rel. Poindexter* v. *Reeves* (1952), 230 Ind. 645, 104 N. E. 2d 735; *State ex rel. Allison* v. *Brennan, Judge* (1950), 229 Ind. 281, 97 N. E. 2d 925; *State ex rel. Ferger* v. *Marion Circuit Court* (1949), 227 Ind. 212, 84 N. E. 2d 585; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1935), 209 Ind. 682, 200 N. E. 614.

The temporary writ of prohibition is made permanent.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 449.