**STATE, ex rel. BLAKE, Relator, v. COMMON PLEAS COURT OF
CUYAHOGA COUNTY et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24827.   Decided March 30, 1959.

Henry W. Stark, for relator.

Thompson, Hine & Flory, for intervening defendant, Cleveland Savings Society.

A. H. Dudnik, for respondents.

## OPINION

Per CURIAM:

Demurrer to petition sustained for the reason that the relator fails to state facts sufficient to constitute a cause of action for the issuance of a writ of prohibition.

The claims of relator, as shown on the face of the petition, are based on his ownership of deposit, Deposit Book No. A-187081 of the Society for Savings of the City of Cleveland, a mutual savings bank, and of the assets represented by said book.   In this respect, relator stands in the same relation as other depositors having a like interest.

The order complained of, issued by the Court of Common Pleas, provides, inter alia, as follows:

"Pending such preliminary hearing, all persons are enjoined from prosecuting any separate proceedings against Petitioner or involving any of its property."

Item 2 of said order provides:

"All other persons having or claiming to have any debt, demand, action, cause of action, or other claim whatever, against Petitioner, whether arising out of tort, or contract . . . is hereby required to file a written statement setting forth the amount and nature of such claim and the ground upon which the same is based . . ."

It is our opinion that the procedure which governs and provides for the jurisdiction of the Court of Common Pleas for the dissolution of the Society is provided for by **Chapter 1702 R. C.,** and specifically by §1702.50

R. C., thereof. We hold that this provision of the code is a constitutional enactment in that it provides for the orderly presentation of claims and the proper disposition of the assets of the Society in the process of dissolution and, therefore, affords an adequate remedy at law to the relator. The court in making the order, part of which is above quoted, exercised the jurisdiction conferred upon it by law and the rights of all claimants are adequately protected by the provisions contained in the statute.