**STATE, ex rel. CLEVELAND TRUST COMPANY, Executor of the Estate of Julius E. Goodman, Deceased, Relator, v. PROBATE COURT OF CUYAHOGA COUNTY, OHIO et, Respondents.**
**STATE, ex rel. JEWISH COMMUNITY FEDERATION OF CLEVELAND et, Relators, v. PROBATE COURT OF CUYAHOGA COUNTY et, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 25090, 25091. Decided November 27, 1959.

Jones, Day, Cockley & Reavis, Henry Kutash, Victor De Marco, Ellis H. McKay, of Counsel, for relators Cleveland Trust Co.

Burke, Haber & Berick, for relator, The Jewish Community Federation of Cleveland.

292

Ulmer, Berne, Laronge, Glickman & Curtis, for relators, The Mt. Sinai Hospital of Cleveland and Western Reserve University.

Weitz & Weitz, for relator, The Jewish Children's Bureau of Cleveland, and for the Individual Relators.

Richard L. Phillips, for relator, The Montefiore Home.

A. H. Dudnik, Ellis V. Rippner, for applicant, Janet Altman Hecht.

## OPINION

By HURD, PJ.

These are original actions commenced in this court for writs of prohibition against The Honorable Walter T. Kinder, Presiding Judge, and The Honorable Frank J. Merrick, Associate Judge, of the Probate Court of this county, as parties respondent, seeking to have said judges desist and refrain from any further proceedings now pending in said court upon an application to vacate the probate of a will.

While we are not presently concerned with the merits, it may assist to an understanding of this opinion to set forth briefly that the relators, The Cleveland Trust Company, Executor of the Estate of Julius E. Goodman, Deceased, and The Jewish Community Federation of Cleveland, et al., in their respective petitions, which are in all essentials identical, allege in part that on August 21, 1958, Janet Altman Hecht, who claims to be the sole heir and next-of-kin of the said Julius E. Goodman, Deceased, and who is also a beneficiary under said will, by instrument in writing, filed in the Probate Court of this County, made a part of the records thereof and referred to in said order admitting the will to probate, waived notice of the presentation of said will and codicil to probate and consented to admission of the same to probate; that thereafter on January 14, 1959, said Janet Altman Hecht, not being content with the provisions of said will, filed her action in the Court of Common Pleas of Cuyahoga County, alleging that said documents admitted to probate by said court are not the last will and codicil of said Julius E. Goodman, deceased; that said will contest is now in the course of active litigation in the Court of Common Pleas; that on April 6, 1959, after the term at which said order of probate was made and more than six months after the will was admitted to probate, and while said will contest action was pending and unresolved in said Court of Common Pleas, said Janet Altman Hecht filed in said probate court an application entitled "Application to Vacate Probate of Will and Appointment of Executor," setting forth her grounds for the request contained in said application; that none of the beneficiaries under said will and none of the parties to said will contest action other than relator, The Cleveland Trust Company as Executor, was made a party to said application to vacate, or was served with notice thereof; that she caused said application to be set for hearing before the respondent, The Honorable Frank J. Merrick, one of the Judges of said court, on April 20, 1959; that upon the filing of said application, said relator filed in said Probate Court its motion to dismiss said application, objecting to the jurisdiction

of the said Probate Court to entertain said action to vacate probate for the reason that upon certification of the will and related papers to the Court of Common Pleas, pursuant to §2107.24 R. C., and until the return to the Probate Court of the certificate of the Court of Common Pleas as to the result of the will contest pending in said Common Pleas Court, the Probate Court is without jurisdiction to entertain an application to set aside the order of the probate; and, that any order the Probate Court would render attempting to set aside the probate of the will would be void. It is further alleged that said defendant, The Honorable Frank J. Merrick, Judge of said court, is acting in excess of his jurisdiction and in interference with the jurisdiction of said Common Pleas Court; and, that the Probate Court has neither statutory right nor inherent power to set aside an order of probate upon a motion or application filed after the expiration of the statutory period for contest and at a different term of court without notice to the beneficiaries under said will and any other persons interested therein, and such application is void and ineffectual to confer jurisdiction upon said court to vacate said probate.

Thereafter, upon an alternative writ of prohibition being allowed by this court, returnable on the 9th day of November, 1959, at 11:00 A. M., the said Janet Altman Hecht filed her applications to be made a party defendant respondent in these actions and for leave to move, plead or demur, with brief and affidavit annexed, the said probate judges having failed to file a return.

The sole question now before the court is whether in a prohibition proceeding any person other than the judge or tribunal against whom the writ is sought may be permitted to intervene and defend the proceedings as a party.

We think it unnecessary to emphasize that the writ of prohibition is an ancient common law writ of high prerogative issuing out of a court of superior jurisdiction and directed to an inferior tribunal, commanding it to cease from usurping jurisdiction with which it is not legally invested. Able counsel for the respective parties have filed briefs and after oral argument the issue is now presented to this court for determination.

It is claimed by the applicant, Janet Altman Hecht, that she has an interest in the controversy adverse to the relator by virtue of the fact that relator is opposing the motion now under consideration by the Probate Court and that said applicant, by virtue of her interest in the controversy adverse to relator, does not have to show that she is a necessary party. The applicant cites in support of her application to intervene, the cases of Gross v. Weiner, 23 O. C. C. N. S. 116; Goldhart v. Curry, 43 Abs 65, 62 N. E. 2d 101 (1945); Hudson v. Hoster, 37 Abs 198, 46 N. E. 2d 422 (1942); Barnes v. Christy, 102 Oh St 160, 131 N. E. 352 (1921); and Rosenberg v. Mehl, 37 Oh Ap 95, 174 N. E. 152 (1930).

We have examined the cases cited and find that none of these authorities involves proceedings in prohibition. Because of the nature of an action in prohibition, we deem it necessary to confine our examination to cases which are applicable to such proceedings.

In Ex Parte Indiana Transportation Company, Petitioner, 242 U. S. 281 (1916), 61 L. Ed. 301, 37 S. C. 126, a proceeding in prohibition, the District Judge, Kenesaw Mountain Landis, had been ruled to show cause why the execution of an order should not be restrained for want of jurisdiction. On the day on which the order was returnable, the respondent judge made no response. Instead, the co-libelants, some 270 in number, the persons who would be adversely affected by granting of the writ, asked that they be treated as defendants and be permitted to make response to the petition. The opinion was written by Mr. Chief Justice White by direction of the court. It was there held that the judge who made the order and agaginst whom the writ prayed for, if allowed, was to be directed, was "the essential party defendant," and therefore intervention was denied, and since the respondent judge had made no return, the time for his return was extended. The court indicated that after the respondent judge responded, the co-libelants might be heard either by the respondent judge's authority, or because of their interest in the result, or as friends of the court. It is implicit in the decision that the defendant judge is required to respond before the co-libelants could be heard to sustain the sufficiency of the return. Although that case related to a federal question in admiralty and a request for substitution, nevertheless the principle of law involved is substantially the same as is here presented.

In 42 American Jurisprudence, pages 175 and 176, citing Ex Parte Indiana Transportation Company, supra, the rule is stated:

"However, where a rule to show cause is directed to a judge, he is the essential party respondent and if he has made no response to the rule, interested parties are not entitled to be substituted as respondents."

In State, ex rel. Greenwood v. Baals et al, 66 Oh Ap 255, 31 N. E. 2d 244, the relator sought a writ of prohibition to prevent a justice of the peace from proceeding in a certain forcible entry and detainer case. In addition to the justice, other parties were named as respondents. The court, at page 256, stated as follows:

"It may be said in passing that the respondents, other than the justice of the peace, are not proper parties to such action, and the writ would not obtain as to them in any event."

Considering adjudications in other jurisdictions where the statutes relating to prohibition are substantially similar to ours, we find two Missouri cases: State, ex rel. Alisky, v. Bird, 63 S. W. 2d 817 (Mo. App. 1933), and State, ex rel. Kurn, v. Wright, 349 Mo. 1182, 164 S. W. 2d 300 (1942), in which intervention was not allowed.

In the case of State, ex rel. Phillips, v. Barton, 300 Mo. 76, 254 S. W. 85 (1923), a prohibition case in which a writ was sought against a Clerk of Court, the court announced that the writ of prohibition is to be directed to or against those clothed with the exercise of judicial powers and hence no others should be made respondents. In the Kurn case, the court held that even though the plaintiffs in the action might be interested in the result, nevertheless they are not parties and cannot properly be joined as such in the prohibition proceeding. In State, ex rel. Alisky v. Bird, the plaintiff, who was not a party although interested

in the result, filed a separate answer. The respondent justice having filed a demurrer, the court held that since the plaintiff was neither a **necessary or proper party,** his answer was superfluous, the allegations immaterial, and no attention would be paid to them. To the same effect, see also Brouwer v. Superior Court, 130 Cal. App. 163, 19 Pac. 2d 834 (1933), and State, ex rel. Gallahue v. Superior Court, 232 Ind. 613, 115 N. E. 2d 449 (1953).

To illustrate practice and procedure in Ohio, we now turn to cases within the experience of our own court.

In **State ex rel. The National City Bank of Cleveland, Trustee, v. Court of Common Pleas of Cuyahoga County, 154 Oh St 74, 93 N. E. 2d 465** (Court of Appeals Report 56 Abs 531, 92 N. E. 2d 824), an original action in this court against the Common Pleas Judges of this county, no intervention was requested but the attorneys who would be adversely affected filed a motion for judgment on the pleadings in behalf of the respondent judges. The motion was denied and the writ allowed.

**State, ex rel. Ellis, v. Hurd et al, Judges of this court, 164 Oh St 403,** 132 N. E. 2d 100, an action in procedendo, which is also a high prerogative writ, was commenced against the respondent judges of this court. Counsel for the Turnpike Commission who were directly interested in the result filed a demurrer in our behalf and notified us later that they had done so, to which we had no objection. The demurrer was sustained. **State, ex rel. Piletich v. Kovachy et al, Judges, 166 Oh St 298, 142 N. E.** 2d 225, was a prohibition case against the Judges of this court. There was no intervention but counsel for the interested parties as a matter of course demurred to the petition, the demurrer was sustained, and the writ of prohibition was denied.

In **State, ex rel. William L. Blake, v. Common Pleas Court of Cuyahoga County, 81 Abs 449,** a hearing was had on an application for intervention by the Cleveland Savings Society. This court allowed intervention on an oral statement from the bench after argument. No briefs contra were filed, and the journal entry shows the following, in part:

"Counsel for the Court of Common Pleas and Daniel H. Wasserman, Defendants respondents, stated orally that they had no objections to such intervention."

The journal entry submitted shows approval by attorneys for plaintiff-relator, attorneys for defendants-respondents, and attorneys for the Cleveland Savings Society, but the journal entry was not signed by the court. Thereafter, a demurrer having been filed, this court sustained the demurrer and the writ was denied. This case is no longer pending and to the extent that we allowed intervention, it is now disapproved.

The respondent judges are the only persons against whom a writ may operate. The intervention of other parties against whom no order whatsoever could be made, obviously could have no binding effect. Without attempting to suggest what the respondents should do in respect of the allegations of the petition, if the facts are not in dispute, the filing of a demurrer to the petition would present an issue of law. If the facts are in dispute, the respondent judges are the only persons

who could properly move or answer. In such cases, respondent judges having no direct or personal interest whatever in the outcome of the cause could permit counsel for the interested parties to represent them in the proceedings before this court. In any event, we hold that in a prohibition proceeding only the tribunal and judges affected are the proper parties who have the right to move, plead or demur.

We conclude that the applicant requesting leave to intervene, although interested, is neither a necessary, essential or proper party to the determination of the causes now pending in this court.

For the reasons stated, therefore, the applications for leave to intervene of Janet Altman Hecht and to be made a party respondent and for leave to move, plead or demur, must be and are denied. However, the time for the return of the respondent judges is extended. See entry.

Exceptions allowed. Order see journal.

KOVACHY and SKEEL, JJ, concur.